WALDEN III, INC., Mark Dorfman and Lisa Dorfman

v.

STATE OF RHODE ISLAND, George W. Gange as Treasurer of the Town of South Kingstown, William Robinson, Col. Walter Stone, Herbert F. Desimone, Clinton E. Salisbury, Captain H. Ronald Hawksley and Lt. John H. Angell.

Civ. A. No. 74–27.

United States District Court, D. Rhode Island.

Dec. 22, 1977.

George M. Prescott, and Irving Espo, Lincoln, R. I., for plaintiff.

Allen P. Rubine, Asst. Atty. Gen., Providence, R. I. and Archibald B. Kenyon, Jr., Wakefield, R. I., for defendants.

## OPINION

FRANCIS J. BOYLE, District Judge.

This is an action in which Plaintiffs contend in their Complaint various violations of their civil rights. Defendants have filed Motions for Summary Judgment. For the purpose of this Opinion, it is assumed that the facts alleged in the Complaint are true.

This action is brought by Walden III, Inc., Mark Dorfman and Lisa Dorfman as Plaintiffs. Plaintiff Walden III, Inc. is a Rhode Island non-business corporation alleged to be formed for the purpose of oper-

ating a residence and school for severely emotionally and behaviorally disordered children between the ages of 12 and 19, and located in the Town of South Kingstown.

Plaintiff Mark Dorfman is President of Walden III, Inc., a member of the Board of Trustees, formerly director of Walden III school, and, in his individual capacity, is one of two (2) joint owners of the real estate where Walden III school is located, and, is the sole owner of the personal property used in the operation of the school.

Plaintiff Lisa (Bryan) Dorfman is an assistant to Plaintiff Mark Dorfman in the operation of the school.

The Complaint arises from an entry by police upon the premises of Walden III school, the seizure by police of certain records, the removal of the students from the Walden III school by police, and the subsequent arrest of Plaintiffs Mark Dorfman and Lisa Dorfman, all of which events were alleged to have occurred on December 24, 1970.[1]

Named Defendants are the State of Rhode Island; the Town of South Kingstown by its Treasurer George W. Gange; William Robinson, then Commissioner of Education of the State of Rhode Island; Walter Stone, then Superintendent of the Rhode Island State Police; Herbert F. DeSimone, then Attorney General, State of Rhode Island; Clinton E. Salisbury, then Chief of Police of the Town of South Kingstown; H. Ronald Hawksley, then a Captain of Police of the Town of South Kingstown; and, Lt. John H. Angell, then an officer of the Rhode Island State Police. All Defendants have moved for summary judgment.

Jurisdiction of this action is alleged to be based on protection of a variety of constitutional rights under the provisions of 42 U.S.C. § 1983 and § 1985, and conferred upon this Court by the provisions of 28 U.S.C. §§ 1331, 1332 and 1343. Additionally, Plaintiffs contend there is pendant jurisdiction of certain "non-federal claims".

---

1. Documents submitted establish that the events actually occurred one (1) year earlier, December 24, 1969.

The Complaint containing nine (9) counts was filed February 15, 1974, more than three (3) years after the date alleged in the Complaint, and, apparently more than four (4) years after the actual occurrence.

Count I alleges, in substance, that on or about December 24, 1970, Walden III was under the direction of Plaintiff Mark Dorfman as a residential school for children with "antisocial behavior problems", who were being treated with "Behavior Modification techniques" (Complaint, Paragraph 1); that the "North" [actually South] Kingstown Police and the Rhode Island State Police, without a warrant, entered the premises of Walden III "in the absence of Plaintiff . . .", seized business and confidential case records and other property of "plaintiff" and caused the children under "his care" to be removed and "dispersed" or taken into "custody"; that Plaintiffs Mark Dorfman and Lisa (Bryan) Dorfman were arrested or caused to be arrested by Defendants and/or their agents "and charged in the Rhode Island District Court with use of a child for wanton, cruel and improper purposes . . ." in violation of R.I.Gen. Laws § 11–9–5; that the charges were ultimately dismissed, that Plaintiff Mark Dorfman was "caused to be indicted for assault with a dangerous weapon upon a Walden III pupil" and he was found not guilty in Rhode Island Superior Court. (Complaint, Paragraph 2).

Count I further alleges that all actions were taken "maliciously and for the purpose of harassing Plaintiffs and rendering Walden III inoperable", (Complaint, Paragraph 3), and constituted a violation by all Defendants under color of "local law" of Plaintiffs' civil rights, (Complaint, Paragraph 4), and, that all Defendants acted in concert with the "intent to prevent plaintiff from operating said school, there being no lawful basis for such actions." (Complaint, Paragraph 5).

Count I further alleges that said school was "rendered inoperable", its contracts with students breached, mortgages on the real estate foreclosed, Plaintiff Mark Dorfman being unable to meet mortgage pay-ments, and "a large deficiency was lodged against them" (Plaintiff Mark Dorfman and his former wife who is not a party), and that Plaintiff Mark Dorfman was for a time deprived of his livelihood, forced to liquidate personal property used by the school "at a great loss and is still indebted for large claims arising out of the operation of the school", and, as a direct result of the criminal actions taken against him was unable to obtain professional employment "appropriate to his level of training and experience . . ." and suffered humiliation in a position he did obtain. (Complaint, Paragraph 6). The Count concludes with a prayer that "Plaintiffs" demand compensatory and punitive damages as follows:

"Mark Dorfman $300,000.
Lisa (Bryan) Dorfman 50,000."

Count II realleges Paragraphs 1 through 4 of Count I, and, further alleges, in substance, that the police investigation was conducted in an unlawful and oppressive manner in that severely emotionally unstable children were intimidated, promised favors, and given assurances resulting in a due process violation "in respect to such children, and in respect to Plaintiffs as custodians of same and as suspects before the law." This Count realleges Paragraph 6 of Count I of the Complaint, and reiterates the prayer for damages contained in Count I.

Count III realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges, in substance, that such actions constituted an unwarranted and illegal interference with Plaintiff Mark Dorfman's profession and professional relationships and that such actions were done maliciously and with the intent and purpose of harassing him and closing said school. The Count realleges Paragraph 6 of Count I of the Complaint and demands on behalf of Plaintiff Mark Dorfman compensatory and punitive damages in the amount of three hundred thousand dollars ($300,000.).

Count IV realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Defendants "wrongfully broke his close and unlawfully removed therefrom the Students of the school and his personal

property". This Count realleges Paragraph 6 of Count I and demands compensatory and punitive damages in favor of Plaintiff Mark Dorfman in the amount of three hundred thousand dollars ($300,000.).

Count V realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Defendants restrained the personal liberty of Plaintiffs Mark Dorfman and Lisa (Bryan) Dorfman against their will, without lawful cause. This Count realleges Paragraph 6 of Count I and demands compensatory and punitive damages for Plaintiff Mark Dorfman in the amount of three hundred thousand dollars ($300,-000.) and for Plaintiff Lisa (Bryan) Dorfman in the amount of fifty thousand dollars ($50,000.).

Count VI realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Defendants arrested or caused to be arrested and held in custody, or caused to be held in custody Plaintiffs Mark Dorfman and Lisa (Bryan) Dorfman without legal cause. This Count realleges Paragraph 6 of Count I of the Complaint and demands the same damages for the said Plaintiffs as sought in Counts I, II and V.

Count VII realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Defendants and/or their agents maliciously arrested Plaintiffs, or caused them to be arrested without probable cause. Paragraph 6 of Count I of the Complaint is realleged and Plaintiffs demand the same damages as sought in Counts I, II, V and VI.

Count VIII realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Defendants maliciously arrested, or caused to be arrested Plaintiffs, under color of legal process, for purposes other than prosecution of criminal charges. This Count realleges Paragraph 6 of Count I of the Complaint and demands the same damages for Plaintiffs as sought in Counts I, II, V, VI and VII.

Count IX realleges Paragraphs 1 through 4 of Count I of the Complaint, and, further alleges that Plaintiffs were continually moved around by Defendants while in custody, were not advised of their rights and were denied access to counsel. This Count realleges Paragraph 6 of Count I of the Complaint and demands the same damages for Plaintiffs as sought in Counts I, II, V, VI, VII and VIII.

Defendants contend *inter alia* that Plaintiffs are barred from bringing their civil rights complaint by reason of the applicable Rhode Island Statute of Limitations. Because the Court grants the Motion for this reason, their other contentions are unnecessary to a determination of this action.

■ In all actions brought pursuant to 42 U.S.C. § 1983, the appropriate time for filing a complaint is controlled by the applicable state Statute of Limitations. Congress has not fixed a Statute of Limitations within the Statute itself. *West v. Board of Education of Prince George's County,* 165 F.Supp. 382 (D.Md.1958). A district court must follow the Statute of Limitations of the State in which the court is sitting. *Ammlung v. City of Chester,* 494 F.2d 811 (3rd Cir. 1974); *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972); *Madison v. Wood,* 410 F.2d 564 (6th Cir. 1969).

■ Rhode Island has not enacted a Statute of Limitations which is specifically applicable to § 1983 suits. This Court must determine which Rhode Island Statute of Limitations applies. It is the duty of the Court to examine the nature of the cause of action involved and to determine the analogous state Statute of Limitations applicable to that cause of action. The Court must employ the so-called "resemblance test". *Sotomura v. County of Hawaii,* 402 F.Supp. 95, 103 (D.Haw.1975).

■ Defendants contend that each and every allegation in the Complaint generally alleges an "injury to the person" under Rhode Island law and, therefore, the three (3) year limitations period contained in R.I. Gen.Laws § 9–1–14 should apply. The expiration of the Statute of Limitations is a defense to an action brought under § 1983. *Swan v. Board of Higher Education of City of New York,* 319 F.2d 56 (2d Cir. 1963).

R.I.Gen.Laws § 9–1–14 provides:

Actions for words spoken shall be commenced and sued within one (1) year next

after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after.

Plaintiffs contend that this action is governed not by the personal injuries Statute of Limitations but rather by R.I.Gen. Laws § 9–1–13, the general six (6) year Statute of Limitations for all civil actions not "otherwise specially provided". It is Plaintiffs' argument that their claim is a property, and not a personal claim. This Court is not persuaded that a property characterization of Plaintiffs' claims is in accord with the law of the State of Rhode Island.

The Court is not unmindful that the Complaint, in nine (9) separate Counts, alleges a variety of injuries to Plaintiffs' property including those rights inherent in their business and profession, in addition to deliberate and grievous invasions of personal rights. It is clear that the substance of the grievance is personal in nature and any property or contractual damage which may have occurred was only incidental to that personal injury. It is not uncommon for economic consequences to flow from violations of personal rights. However, even though serious, these economic losses cannot and must not cloud the gravamen of the Complaint which alleges, above all, injury to person.

This Court is concerned with alleged constitutional violations of civil rights under § 1983, a statute which creates rights and imposes obligations which differ significantly from violations of state created or common law rights. The facts may also give rise to state causes of action, but the elements of a § 1983 claim involve the denial under color of state law of a right secured by the Constitution and laws of the United States.

Plaintiffs' right to recover derives not from the underlying state created or common law rights but from the basic constitutional rights protected in a federal statute. As was stated in *Almond v. Kent, supra,* at 204 "[i]n the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.'"

The Court must apply a single statute of limitation to this entire action despite the existence of several distinct torts or causes of actions under state law. *Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962); *McIver v. Russell,* 264 F.Supp. 22 (D.Md. 1967). This single application is necessary to avoid confusion or inconsistency which would result if the single federal civil action were to be fragmented by the application of different statutes of limitation analogous to the differing state created or common law rights involved. *Smith, supra,* at 190.

The Court holds that the allegations of Plaintiffs' Complaint focus upon injury to Plaintiffs' rational integrity, that is, the violations complained of strike out directly at Plaintiffs' personal rights by reason of being persons in the eyes of the law.

This Court is persuaded to apply Rhode Island's three (3) year Statute of Limitations covering personal injuries on the basis of the Rhode Island Supreme Court's decision in *Commerce Oil Refining Corporation v. Miner,* 98 R.I. 14, 199 A.2d 606 (1964). In that opinion, the Rhode Island Supreme Court analyzed the phrase "injuries to the person" within the meaning of R.I.Gen. Laws § 9–1–14 in these terms:

It is then our conclusion that the phrase 'injuries to the person' as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.

In view of the expansive definition of "injuries to the person" given in the *Commerce* case, the instant allegations of illegal arrest, illegal search and seizure, deprivation of liberty, unlawful and oppressive police investigation, malicious interference with business and professional relationships, illegal detention, malicious prosecution, subjection to indignity, harassment and public ridicule, all involve injuries which are more than physical but which clearly are injuries resulting from invasions of rights that inhere in man as a rational being.

R.I.Gen.Laws § 9–1–14 applies and this action is barred. Defendants' Motions for Summary Judgment are granted. All of Plaintiffs' claims are dismissed, including all alleged non-federal claims.

Defendants will prepare and present a form of Judgment in accord with this Opinion.