WALDEN, III, INC., et al.,
Plaintiffs, Appellants,

v.

STATE OF RHODE ISLAND et al.,
Defendants, Appellees.

No. 78–1074.

United States Court of Appeals,
First Circuit.

Argued May 4, 1978.

Decided June 5, 1978.

George M. Prescott, Lincoln, R. I., with whom Oster, Fay, Graff & Prescott, Lincoln, R. I., was on brief, for plaintiffs, appellants.

Allen P. Rubine, Asst. Atty. Gen., Division of Civil Litigation and Charitable Trusts, Providence, R. I., with whom Julius C. Michaelson, Atty. Gen., Providence, R. I., was on brief, for defendants, appellees State of Rhode Island et al.

Archibald B. Kenyon, Jr., Wakefield, R. I., for defendants, appellees Town of South Kingstown et al.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiffs filed this action under 42 U.S.C. § 1983 on February 15, 1974, seeking damages for injuries alleged to be the outgrowth of events that occurred, at least in large measure, on December 24, 1969. The defendants moved for summary judgment on the ground that the statute of limitations barred the suit, and judgment was granted in favor of all defendants on December 22, 1977. 442 F.Supp. 1168 (D.R.I. 1977). Plaintiffs appeal.

The complaint describes a warrantless search and seizure at Walden III, a residential school for children with "antisocial behavioral problems," on December 24, 1969,

and the arrest of plaintiffs Mark and Lisa Dorfman, the proprietors of the school, for child abuse and, in the case of Mark Dorfman, assault with a dangerous weapon on a Walden III pupil.[1] The child abuse charges ultimately were dismissed, and a jury rendered a not guilty verdict on the assault charge on May 31, 1973. The complaint alleged that because of the raid and arrests the school was forced to shut down and its mortgage was foreclosed. The defendants are alleged to have undertaken these actions maliciously with the intent of forcing plaintiffs to close the school.[2] The nine counts of the complaint charge that these actions constituted violations of plaintiffs' constitutional rights.

■ In deciding the statute of limitations question, the district court recognized that because § 1983 does not by its own terms contain a limitations period, the most analogous state statute of limitations should apply. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In the case of Rhode Island, the choice was between R.I.Gen. Laws § 9–1–14, which applies a three-year limitation period to actions alleging an injury to the person,[3] and § 9–1–13, which applies a six-year period to all civil actions for which a limitation period is not otherwise especially provided.[4] The court ruled that plaintiffs' claims were most analogous to the personal injury actions governed by the three-year period, and that the action accordingly was time barred.

Plaintiffs dispute the district court's ruling that Rhode Island's personal injury statute of limitations is most closely analogous to the § 1983 claim asserted here. They argue that their action is equivalent to one for tortious interference with contractual and property rights, to which, it is argued, the personal injury statute does not apply. Plaintiffs recognize that the Rhode Island Supreme Court has construed § 9–1–14 as applying to a wide range of torts; the district court quoted from the decision most directly in point:

> "It is then our conclusion that the phrase 'injuries to the person' as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property."

442 F.Supp. at 1172 (quoting *Commerce Oil Refining Corp. v. Miner,* 98 R.I. 14, 199 A.2d 606 (1964)). In spite of the mandate that this statute be "construed comprehensively," plaintiffs contend that the rights that have been violated here accrued only by virtue of property or contractual interests. They offer no direct Rhode Island authority

1. The complaint alleged that these events took place on December 24, 1970, but undisputed documentary evidence established, and the district court so found, that the arrests and seizures occurred on that month and day in 1969. 442 F.Supp. at 1169 n. 1.

2. Named defendants are the state of Rhode Island, the town of South Kingston, the then Commissioner of Education of Rhode Island, the then Superintendent of the State Police, the then Attorney General of Rhode Island, the then Chief of Police of South Kingston, and various state and local police officers. In addition to the Dorfmans, Walden III, Inc., the corporation that owned the school, is a named plaintiff.

3. The statute provides:
 "Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

4. The statute provides:
 "Except as otherwise specially provided, all civil actions shall be commenced within six (6) years next after the cause of action shall accrue, and not after."

for this proposition, but refer to an earlier decision where an action for alienation of affections was held to be covered by the six year period. *Senn v. Kogut*, 79 R.I. 429, 89 A.2d 842 (1952). After that decision, however, the pertinent statute was amended, and it is not clear the same result would now obtain.

Since the decision by the court below, the other active district judge for the District of Rhode Island has ruled that the three-year statute applies to civil rights actions brought under 42 U.S.C. § 1983. *Partin v. St. Johnsbury Co.*, D.C., 447 F.Supp. 1297 (1978). That decision relied on our opinion in *Graffals v. Garcia*, 550 F.2d 687 (1st Cir. 1977), where we held that the Puerto Rican statute of limitations for tort actions applied to a § 1983 suit for an allegedly unconstitutional discharge. After quoting our discussion of the rights vindicated by § 1983, which were compared to the duties of conduct founded on social policy embraced by the tort law, the district court ruled that the three year statute applied to torts of this nature.

We think the district court was correct. Its analysis is in keeping with *Commerce Oil*, the leading state case on this issue: the thrust of plaintiffs' complaint was not that defendants violated private obligations created by contract or the law of property, but rather that they maliciously violated a duty owed to plaintiffs, founded on social policy, not to interfere with their constitutionally protected rights. Such rights inhere in plaintiffs "by reason of being a person in the eyes of the law," *Commerce Oil Refining Corp. v. Miner, supra,* hence the alleged

injuries are properly construed as personal injuries under Rhode Island law. That both of the active judges of the District of Rhode Island agree that § 9–1–14 is the most analogous statute of limitations is a factor adding further weight to this interpretation. *Berrios v. British Ropes Ltd.,* 575 F.2d 966, 970 (1st Cir. 1978); *Graffals v. Garcia, supra,* at 688; *see Runyon v. McCrary,* 427 U.S. 160, 180–82, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *cf. Ramirez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, 319 (1st Cir. 1978).

 Reasons of federal policy also support the ruling below. As other courts have observed, the claims embraced by a § 1983 action may have a variety of conceivable state law analogues.[5] Ordinarily

"[i]nconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action."

*Smith v. Cremins,* 308 F.2d 187, 190 (9th Cir. 1962). While for purposes of deciding this case we need not rule finally on the appropriateness of ever referring to more than one statute of limitations should a precisely analogous state claim indisputably have a different limitations period, it is obviously preferable that one statute of limitations, such as that provided for torts, apply generally to most if not all § 1983 actions arising in a particular jurisdiction.[6]

*Affirmed.*

---

**5.** Some analogies are in fact false, inasmuch as § 1983 has been construed as not embracing every violation of a duty for which state tort law provides a remedy. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Harper v. Cserr,* 544 F.2d 1121 (1st Cir. 1976). Thus plaintiffs' attempt also to analogize their claim to the state law of malicious use of process, and thereby to claim the benefits of Rhode Island's rule that a cause of action for such a claim does not accrue until the allegedly abusive proceedings have come to an end, overlooks the fact that § 1983 applies to the violation of federal rights, and that a claim under that statute accrues when the federal right has

been violated. *See, e. g., Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir. 1977). The federal rights violations alleged in plaintiffs' complaint all took place in 1969, even though some of the damages alleged to have been the effect of these violations occurred later.

**6.** One recent court of appeals decision has, indeed, advocated a different approach, suggesting that "each aspect of a complaint under sections 1981 or 1982 may be given separate statute of limitations treatment depending on the nature of the specific act or acts complained of." *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 901 (3d

Cir. 1977). That statement was dicta in the context of the decision, however, and the circuit precedent on which it relied, without adverting to the policy concerns at stake, fell within the sort of narrow exception reserved above for future consideration, as the relevant state law applied one statute of limitations to actions arising out of an illegal arrest and another, longer statute of limitations to other tort actions. *See Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974).