Debra K. PEARMAN

v.

Jackie WALKER et al.

Civ. A. No. 80–550.

United States District Court, D. Rhode Island.

April 14, 1981.

E. Paul Grimm, Decof & Grimm, Providence, R. I., for plaintiff.

Gerald McG. DeCelles, Providence, R. I., John Deacon, Jr., and Richard M. Borod, Providence, R. I., for defendants.

## MEMORANDUM AND ORDER
PETTINE, Chief Judge.

 Plaintiff brought this action under 42 U.S.C. § 1983. This Court's jurisdiction stems from 28 U.S.C. §§ 1332 and 1343(3). In her complaint, plaintiff alleges that various individuals, the City of Providence, and the National Railroad Passenger Association, acting under color of state law, violated rights guaranteed to her by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also raises miscellaneous state-law claims. The allegations stem from an incident in which plaintiff claims that defendants unlawfully arrested, harassed, detained, bothered, beat, assaulted, battered and imprisoned her. Defendant City of Providence (City) has now moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's action as to it. The City contends, *inter alia,* that R.I.G.L. § 9–1–25— which established a two-year statute of limitations for certain actions brought against governmental entities—bars plaintiff's § 1983 action against the City.[1] Plaintiff

---

1. The City makes two other arguments in its motion to dismiss. The City contends, first, that plaintiff did not properly notify the City of her claims as required by R.I.G.L. § 45–15–5. Without expressing an opinion on whether failure to comply with a notice of claims provision

responds that R.I.G.L. § 9–1–14—which establishes a three-year limitation period for action for injuries to the person—governs her action. Thus, this Court is confronted with the question whether a § 1983 action against a municipality in Rhode Island is governed by the State's two-year limitation period on actions against municipalities or by the general three-year limitation period on actions for injuries to the person. For the reasons that follow, I conclude that the three-year limitation period set out in § 9–1–14 controls plaintiff's § 1983 action against the City of Providence.

## DISCUSSION

R.I.G.L. § 9–1–25 provides as follows: When a claimant is given the right to sue the state of Rhode Island by a special act of the general assembly, or *in cases involving actions or claims in tort against* the state or any political subdivision thereof or *any city or town, the said action shall be instituted* within two (2) years from the effective date of said special act, or *within two (2) years of the accrual of any claim of tort.* Failure to institute suit within said two (2) year period of time shall constitute a bar to the bringing of said legal action. (emphasis added).

R.I.G.L. § 9–1–14 provides as follows:

Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after. *Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after.* No action shall be

commenced or prosecuted for alienation of affections of a spouse, or any child of the plaintiff and such spouse, nor for the loss of or damages to any rights or privileges based upon the marital relationship between the plaintiff and such spouse more than one (1) year after the cause of action shall have accrued nor, in any event, after the plaintiff and such spouse have lived separate and apart for one (1) year or more. (emphasis added).

Plaintiff initiated the instant action on October 31, 1980—approximately two and one-half years after the alleged incident. Consequently, if this Court applies the two-year period established in § 9–1–25, plaintiff's action against the City will be time-barred. On the other hand, if the three-year period of § 9–1–14 applies, plaintiff's claim against the City must remain an element of her cause of action. In order to decide which statute applies to plaintiff's action against the City, I must first undertake a review of the relevant legal considerations.

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, courts have uniformly "borrowed" the statute of limitations that would apply to the most analogous state cause of action. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. at 1794–95 (1980); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (involving action under 42 U.S.C. § 1981); *Burns v. Sullivan*, 619 F.2d 99, 105 (1st Cir. 1980); *Walden, III, Inc. v. State of Rhode Island*, 576 F.2d 945, 946 (1st Cir. 1978). As a qualification to

can operate to bar plaintiff's § 1983 action, *see Glover v. City of New York*, 401 F.Supp. 632 (S.D.N.Y.1975), I conclude that plaintiff did comply with the notice provision. Plaintiff has submitted a copy of the notice she submitted to the City on October 26, 1978—about 7 months after the alleged incident. The City has not objected to this notice, nor has it explained why the notice was insufficient under § 45–15–5.

The City's second contention is that plaintiff's action against the City should be dismissed because of plaintiff's failure "to recognize the limitation of liability of a municipality to $50,-

000 pursuant to [R.I.G.L.] § 9–31–3." The possible application of Rhode Island's limitation of liability statute to this action is not a proper subject of a motion to dismiss. The question of the extent of the City's potential liability to plaintiff need not be resolved until a later time. I expressly reserve the question whether application of § 9–31–3's limitation on municipal liability in this § 1983 action would be inconsistent with the policies upon which § 1983 is grounded. *See Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

the "borrowing" principle, however, courts will not apply a state's statute of limitations or a state's tolling principles if they are "inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Railway Express Agency*, 421 U.S. at 465, 95 S.Ct. at 1722; *see Board of Regents v. Tomanio*, 446 U.S. at 485, 100 S.Ct. at 1795; *Robertson v. Wegmann*, 436 U.S. 584, 588, 98 S.Ct. 1991, 1994, 56 L.Ed.2d 554 (1978). Assuming, therefore, that R.I.G.L. § 9–1–25 would apply to an action against a municipality that had been commenced in state court,[2] the question in this case reduces to whether application of § 9–1–25 to bar plaintiff's § 1983 claim against the City would be inconsistent with the federal policy underlying § 1983.

Analysis of this question must begin with the recognition that in the past § 1983 cases involving a choice of Rhode Island statutes of limitation, this Court and the United States Court of Appeals for the First Circuit have held that the three-year period set out in § 9–1–14 governs. In *Walden, III, Inc. v. State of Rhode Island*, 442 F.Supp. 1168 (D.R.I.1977), *aff'd*, 576 F.2d 945 (1st Cir. 1978), plaintiffs brought a § 1983 action alleging violations of their civil rights in connection with a State Police entry into school premises, the seizure of certain records, the removal of students, and the ar-

rest of school officials. Defendants contended that the action was barred by the three-year limitation established in § 9–1–14. Plaintiffs responded that Rhode Island's six-year "catch-all" provision, § 9–1–13, applied to their action. The District Court, relying on an expansive state court interpretation of the "injuries to the person" language in § 9–1–14,[3] held that the three-year provision applied to, and barred, plaintiffs' § 1983 action. 442 F.Supp. at 1172–73. The First Circuit, in affirming, held that the alleged injuries under § 1983 were "properly construed as personal injuries under Rhode Island law." 576 F.2d at 947. In *Walden, III*, however, the courts did not decide the question whether § 9–1–25 and its two-year period applied to the governmental entities that were sued.[4] Accordingly, the City's motion to dismiss in the instant action confronts the Court with a question of first impression.

As I stated above, the question in this case really reduces to whether application of the two-year period of § 9–1–25 to bar plaintiff's § 1983 action against the City would be inconsistent with the federal policies underlying § 1983. In order to answer this question, I must first determine why courts look to the "most analogous" state cause of action in determining which state statute of limitations to apply in a § 1983 action. In general, the answer is that the

---

**2.** The parties have not discussed and the Court has not discovered any reason to believe that § 9–1–25 would not apply to a state-law action against a municipality.

**3.** The District Court relied on *Commerce Oil Refining Corp. v. Miner*, 98 R.I. 14, 199 A.2d 606 (1964) in which the Rhode Island Supreme Court ruled that the phrase "injuries to the person" in § 9–1–14 was to be given an expansive scope so as to include injuries that were other than physical.

**4.** The District Court stated that:
The Court must apply a single statute of limitation to this entire action despite the existence of several distinct torts under state law.... This single application is necessary to avoid confusion or inconsistency which would result if the single federal civil action were to be fragmented by the application of different statutes of limitation analogous to the differing state created common law rights

involved. 442 F.Supp. at 1172 (citations omitted).
The First Circuit expressed qualified approval of the approach followed by the District Court:
While for purposes of deciding this case we need not rule finally on the appropriateness of ever referring to more than one statute of limitations should a precisely analogous state claim indisputably have a different limitations period, it is obviously preferable that one statute of limitations, such as that provided for torts, apply generally to most if not all § 1983 actions arising in a particular jurisdiction. 576 F.2d at 947.
My holding in this case should in no way be taken to express an opinion on the applicability of R.I.G.L. § 9–1–25 in an action against the State under § 1983. *See Marrapese v. State of Rhode Island*, 500 F.Supp. 1207 (D.R.I.1980). There may be different policy considerations in an action against the state. It is not necessary I address these considerations at this time.

policies served by a state limitations period applicable, for example, to actions for injuries to the person, will also be served by applying the same period in a § 1983 action that involves comparable injuries.[5] This willingness to borrow state provisions if federal policies are consistent with state policies alleviates the burden on the federal legislature to "cover every issue that may arise in the context of a federal civil rights action." *Moor v. County of Alameda*, 411 U.S. 693, 703, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1973); *see* 42 U.S.C. § 1988.

In considering the policies that usually support state limitations statutes, the Supreme Court has stated:

> they have long been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which result in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus, in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in assessing a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious. *Board of Regents v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796 (1980).

Accordingly, the Supreme Court has noted that "[i]n borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit ... on the prosecution of a closely analogous claim." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. at 464, 95 S.Ct. at 1722. *Cf. Wilkenson v. Harrington*, 104 R.I. 224, 234–37, 243 A.2d 745 (1968) (court discusses policy underpinnings of statutes of limitation).

This deference to the wisdom of states in setting limitations periods for certain kinds of actions explains, then, why courts make reference to analogous "causes of action" when they borrow state statutes of limitation in § 1983 actions. Only a statute of limitations that governs analogous state actions will serve purposes consistent with those underlying the § 1983 cause of action. The Rhode Island statute advanced by the City in this action, however, does not apply to a "cause of action". Instead, it applies to a particular class of defendants who, regardless of the underlying "cause of action", must be sued within two years of its accrual. This kind of a statute of limitations arguably serves a set of purposes completely separate from the purposes served by a statute that applies to a particular "cause of action". R.I.G.L. § 9–1–25 does not comprise legislative wisdom concerning when "the delay of a plaintiff in assessing a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations." 446 U.S. at 487, 100 S.Ct. at 1796. Insofar as it relates to the liability of a municipality, R.I.G.L. § 9–1–25 was a legislative limitation enact-

---

**5.** Technically, the "borrowing" principle is grounded in 42 U.S.C. § 1988 which provides:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the

> constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. *See Robertson v. Wegmann*, 436 U.S. 584, 588–89, 98 S.Ct. 1991, 1994, 56 L.Ed.2d 554 (1978).

The statement made in the text represents a necessary corollary to the statutory proviso, "so far as the same is not inconsistent with the Constitution and laws of the United States."

ed in the wake of *Becker v. Beaudoin*, 106 R.I. 562, 261 A.2d 896 (1970), in which the Rhode Island Supreme Court abrogated the doctrine of municipal immunity.[6] *See Marrapese v. State of Rhode Island*, 500 F.Supp. 1207, 1216–17 (D.R.I.1980). The two-year limitation period thus represents the State's effort to regulate actions commenced against municipalities; it stems from the premise that although governmental entities are not immune from tort liability, they may qualify their liability by establishing the terms and conditions of such actions. Therefore, to decide if § 9–1–25 controls the City's § 1983 liability in this case, I must determine if the distinct policies that underlie the Rhode Island two-year limitation period for actions against municipalities comport with the federal policies underlying § 1983.

In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court, after an extensive analysis of the underlying legislative history of § 1983, concluded that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690, 98 S.Ct. at 2035. *See Leite v. City of Providence*, 463 F.Supp. 585, 589–91 (D.R.I.1978). Hence, after *Monell*, it is clear that Congress intended municipalities and other local governmental units to be included among those "persons" to whom § 1983 applies. The only limitation on the breadth of a municipality's § 1983 liability is that a

municipality will not be held liable for the actions of its officials on a theory of *respondeat superior*. 436 U.S. at 691, 98 S.Ct. at 2036.

The Supreme Court also considered the intended scope of municipal liability under § 1983 in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). In *Owen*, the City contended that it should be allowed to assert, in its defense, the good-faith immunity afforded its officials. The Court, however, rejected this argument and held that a municipality has no immunity from execution or implementation of a policy that impinges on rights protected under § 1983. In reaching this conclusion, the Court stated that

> [b]y including municipalities within the class of "persons" subject to liability for violations of the Federal Constitution and laws, Congress—the supreme sovereign on matters of federal law—abolished whatever vestige of the State's sovereign immunity the municipality possessed. 445 U.S. at 647–48, 100 S.Ct. at 1414.

The Court also observed

> [h]ow "uniquely amiss" it would be, therefore, if the government itself—"the social organ to which all in our society look for the promotion of liberty, justice, fair and equal treatment, and the setting of worthy norms and goals for social conduct"—were permitted to disavow liability for the injury it has begotten. 445 U.S. at 651, 100 S.Ct. at 1415.

A synthesis of the Supreme Court's most recent declarations regarding municipal § 1983 liability yields a set of principles that should guide this Court in determining whether the policies underlying § 9–1–25

---

6. After the *Becker* case had been issued, and apparently in response to the Court's suggestion that the State enact laws "limiting or regulating the prosecution of claims" against municipalities, 106 R.I. at 572, 261 A.2d 896, the Rhode Island legislature enacted P.L. 1970 ch. 181 § 2 (codified at § 9–1–25 and §§ 9–31–1 through 9–31–7). As a part of this enactment, § 9–1–25 was amended to indicate that the limitation period provided therein would apply

to tort claims against municipalities. By way of further explanation, Rhode Island has distinct statutes of limitations for distinct "causes of action", *i. e.*, "words spoken", 1 year; "injuries to the person", 3 years; "catch all", 6 years; "loss of or damages to any rights or privileges based upon the marital relationship", 1 year. § 9–1–25 on the other hand covers all of these causes of action and sets a limitation on suits against a governmental entity.

are consistent with the foundation policies of § 1983. Specifically, the Supreme Court has made it clear that a municipality's liability under § 1983 must rest on the execution or implementation of official policy. A municipality's liability under § 1983 may not arise derivatively from the actions of its officials. However, where a municipality pursues, as a matter of policy, activities that do not comport with the Constitution or laws of the United States, its liability is absolute, even though officials who implement such policies are protected by a qualified immunity. Where a municipality's policies give rise to § 1983 liability, therefore, it is entitled to even less protection than are the governmental officials whose activities most often stimulate the initiation of a § 1983 action:

> The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury. The offending official, so long as he conducts himself in good faith, may go about his business secure in the knowledge that a qualified immunity will protect him from personal liability for damages that are more appropriately chargeable to the populace as a whole. And the public will be forced to bear only the costs of injury inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Owen v. City of Independence*, 445 U.S. at 657, 100 S.Ct. at 1418–19.

If this Court were to apply the two-year limitation period set out in § 9–1–25, the City would be treated differently than all other defendants in this action. In fact,

application of the two-year period to bar plaintiff's action against the City would grant more protection to the municipality than to other kinds of § 1983 defendants. The State policies supportive of such distinct treatment have no connection with the policies that shaped the concepts of municipal liability articulated in *Monell*. The current version of § 9–1–25 grew directly from notions of municipal immunity—notions that are perpetuated by the special treatment afforded a municipality under this statute. To apply § 9–1–25 to this § 1983 action would fly in the face of much of the Supreme Court's discussion in *Owen*. Consequently, there is no question in my mind that application of § 9–1–25 to bar plaintiff's § 1983 claim against the City would be inconsistent with the fundamental policies advanced by 42 U.S.C. § 1983.[7]

■ I hold that R.I.G.L. § 9–1–14, governing actions for "injuries to the person" and prescribing a three-year limitation period, applies to all defendants in the instant action. Therefore, plaintiff's § 1983 claim against the City is not time-barred and the City's motion to dismiss is hereby denied.

So ordered.

---

7. In two recent Second Circuit cases, the Court has confronted questions similar to the one I have decided in this case. In *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980), the Court considered whether the 90-day limitation period applicable, by virtue of New York General Municipal Law § 50–i(1), to actions against a city, applied in an action under § 1983. The Court held that the general three-year limitation period established by New York Civil Practice Law and Rules § 214(2) governed the action "regardless of the legal status of the defendant under New York law." 613 F.2d at 449. This holding was reaffirmed in *Taylor v. Mayone*, 626 F.2d 247 (2d Cir. 1980), where the Court considered and rejected the possible application of a one-year statute of limitations applicable to actions against a sheriff.