No. 91–1515. CAMPBELL ET AL. v. BRUMMETT. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

The Court once again declines to grant certiorari in a case in which the petitioners raise a subject of clear disagreement among the Courts of Appeals. Once again, I dissent. The questions presented concern whether Rev. Stat. § 1979, 42 U. S. C. § 1983, provides a cause of action for malicious prosecution and, if so, when the cause of action accrues.

Respondent was prosecuted for failing to repay a loan to petitioner First State Bank of Cleburne, Texas. The loan, for more than $30,000, had been collateralized by the equipment and inventory of his stereo business. Respondent, who said that he sold the inventory in the normal course of business, was indicted under a provision of the Texas Penal Code that makes it a felony to "remove" from the State collateral securing a debt. Tex. Penal Code Ann. § 32.33 (1983). After three years of court appearances, the charge was dismissed for insufficient evidence.

Respondent sued the prosecuting attorneys, the county, the bank, and certain bank employees, alleging that they conspired to prosecute him maliciously in violation of state law and § 1983. The District Court dismissed the action as to the county and the prosecuting attorneys on immunity grounds and entered summary judgment as to the remaining defendants on the ground that respondent's claims were time barred.

The Court of Appeals reversed in relevant part.* Although it noted that there has been considerable confusion in the Courts of Appeals concerning the availability and contours of a § 1983 malicious prosecution claim, see *Brummett* v. *Camble[sic]*, 946 F. 2d 1178, 1180, n. 2 (CA5 1991) (collecting cases), the court observed that recent Fifth Circuit cases "have assumed that malicious prosecution violates § 1983." *Ibid.* The court then held that respondent's claim was not time barred because a cause of action for malicious prosecution under § 1983 does not accrue until the underlying prosecution has terminated in favor of the criminal defendant. *Id.*, at 1184.

. The Third, Sixth, and Tenth Circuits follow the rule that the Fifth Circuit applied here. See *Robinson* v. *Maruffi*, 895 F. 2d 649, 654 (CA10 1990); *Rose* v. *Bartle*, 871 F. 2d 331, 349 (CA3 1989); *McCune* v. *Grand Rapids*, 842 F. 2d 903, 907 (CA6 1988). However, the First Circuit has held that a malicious prosecution claim accrues at the time of arrest and not when the allegedly abusive proceeding comes to a conclusion, which may be years later. *Walden, III, Inc.* v. *Rhode Island*, 576 F. 2d 945, 947, n. 5 (1978). The Ninth Circuit's treatment of the question has been inconsistent. Compare *Cline* v. *Brusett*, 661 F. 2d 108, 111 (1981) (following majority rule), with *Gowin* v. *Altmiller*, 663 F. 2d 820, 822 (1981) (following minority rule).

Clearly, this is an area of law that requires our attention. Therefore, I would grant certiorari to determine if a cause of action for malicious prosecution is available under § 1983 and, if it is, when the cause of action accrues.

---

*The Fifth Circuit agreed with the District Court that the prosecutors were immune, but vacated the judgment as to the county to allow "for further consideration in light of later events in the trial court." *Brummett* v. *Camble[sic]*, 946 F. 2d 1178, 1183 (1991). The county is not a party to this petition.