Jesus M. PEREZ–RUIZ, et al., Zoilo
Lopez De Jesus, et al., Plaintiffs,

v.

Jose CRESPO–GUILLEN,
et al., Defendants.

Civ. Nos. 92–1851 GG, 92–1852 JP.

United States District Court,
D. Puerto Rico.

Oct. 15, 1993.

Nachman, Santiago, Bray, Guillemard &
Carrion, Santurce, PR, for plaintiffs.

Mabel Ramon–Millan and Sylvia Roger–
Stefani, Federal Litigation Div., Dept. of Justice, San Juan, PR, for defendants.

## OPINION AND ORDER

GIERBOLINI, Chief Judge.

The plaintiffs in both cases filed motions
on October 23, 1992, to consolidate their
§ 1983 civil rights actions under Rule 42(a),
Fed.R.Civ.P. The defendants had hither to
filed a Motion to Dismiss on September 8,
1992, which the plaintiffs opposed on September 15, 1992. The defendants' motion asserts
that the plaintiffs' civil rights complaint is
time barred. For the following reasons, we
have granted the defendants' motion to dismiss.

## I. BACKGROUND

The plaintiffs, Jesus M. Perez–Ruiz (Perez), Mildred De Leon–Vazquez, and their
conjugal partnership, are seeking money
damages of $1,600,000, both individually and
jointly, for the defendants' conspiracy to deprive the plaintiff of his liberty, by falsely
arresting, falsely imprisoning and maliciously
prosecuting him. Plaintiff, Zoilo Lopez De

Jesus (Lopez), is also seeking money damages under the same claims as Perez, but for $1,500,000.00.

On July 31, 1990, the plaintiffs were arrested upon Jose Crespo–Guillen's complaint, as an undercover policeman, for allegedly selling, separately, an ounce of cocaine to him. The plaintiffs were confined until they were released on bail the next day—August 1, 1990. A year later, on August, 1991, Perez went to trial and was acquitted of all charges; Lopez in turn had his trial dismissed with prejudice on March 21, 1992. Two years after their arrest and imprisonment, on June 24, 1992, the plaintiffs filed this complaint. Both plaintiffs filed simultaneous motions for consolidation, one with Judge Pieras and one with these chambers, which we agreed to consolidate in our Order of March 15, 1993.

## II. MOTION TO DISMISS

The Supreme Court held that the applicable statute of limitations for a § 1983 civil rights action is determined by the forum's state statute of limitations regulating actions for personal injury, except when inconsistent with the Federal policy behind § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980), *Wilson v. Garcia*, 471 U.S. 261, 276–280, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985). In our jurisdiction these actions are regulated by a one year statute of limitations: P.R.Laws Ann., Tit. 31 § 5298(2). *Edwards v. Sotomayor*, 557 F.Supp. 209, 213 (D.Puerto Rico 1983), citing *Fernández v. Chardón*, 681 F.2d 42, 48 (1st Cir.1982).

■ Although state law determines the tolling provisions of the applicable statute, it is federal law that determines when these constitutional claims accrue. *Edwards*, 557 F.Supp. at 213, citing *Walden III Inc. v. Rhode Island*, 576 F.2d 945 (1st Cir.1978); *Singleton v. N.Y.*, 632 F.2d 185, 191 (2nd Cir.1980). A § 1983 cause of action accrues when the plaintiff knows, or has reason to know, of the injury which is the basis of the action; when facts supportive of a civil rights action are obvious, or should be obvious, to a reasonably prudent person similarly situated. *Edwards*, 557 F.Supp. at 214; *Olivo Ayala v. Lopéz Feliciano*, 729 F.Supp. 9, 10 (D.Puerto

Rico 1990), citing *Marrapese v. Rhode Island*, 749 F.2d 934, 936 (1st Cir.1984), *cert. den.* (Citation omitted)

■ The plaintiffs argue that conspiracy is a viable claim under § 1983, and that all of their claims fall under this umbrella of conspiracy, evolving into a single continuing violation. It is as if each separate claim is a bead on a string of conspiracy and the scheme is not finished until the last bead is threaded on. Therefore, the claims begin to accrue when the conspiracy is completed, which is identified by the last overt act. To illustrate in this case, all of the plaintiffs' claims would supposedly begin to accrue when the malicious prosecution claim accrues. In addition, the plaintiffs argue that because under state law the claim for malicious prosecution requires that the criminal action terminate in favor of plaintiffs, then the final overt act of the conspiracy was the acquittal or dismissal of their cases, and thus when it properly accrues. Therefore, the plaintiffs aver this case is not time barred because it is a single continuing violation.

We will continue on the path cleared by other courts, including this court and the First Circuit Court of Appeals, which regard a claim of conspiracy as comprised of separate torts for the purpose of accrual of an action. *Kadar Corp. v. Milbury*, 549 F.2d 230, 234 (1st Cir.1977); *Singleton v. New York*, 632 F.2d 185, 192 (2nd Cir.1980); *McCune v. Grand Rapids*, 842 F.2d 903, 906 (6th Cir.1988); *Scherer v. Balkema*, 840 F.2d 437, 439 (7th Cir.1988); *Compton v. Ide*, 732 F.2d 1429, 1432–33 (9th Cir.1984); *Helton v. Clements*, 832 F.2d 332 (5th Cir.1987); *Edwards*, 557 F.Supp. at 219. Therefore, we cannot consider the separate torts and their separate elements as one single continuing violation, and toll the statute to the end of the alleged malicious prosecution, as the plaintiffs would have us do. Instead, we proceed to consider each tort separately and determine if it is barred by the one year statute of limitations. *McCune*, 842 F.2d at 906; *Detro v. Roemer*, 739 F.Supp. 303, 305 (E.D.La.1990).

## A. FALSE ARREST

■ The plaintiffs' first claim is that they were falsely arrested. It is undisputed that a claim for false arrest accrues at the time of arrest. *Rose v. Bartle*, 871 F.2d 331, 351 (3rd Cir.1989). We will assume that a reasonably prudent person would know, or would have reason to know, of the injury of false arrest at the time he was arrested. *McCune*, 842 F.2d at 906. Plaintiffs were arrested on July 31, 1990, nevertheless, they did not file this claim until June 24, 1992—two years after they suffered their injury. Therefore, we find that this claim is barred by the applicable 1 year statute of limitation.

## B. FALSE IMPRISONMENT

A cause of action for ... false imprisonment accrues every time that a person ... may unlawfully detain or cause the unlawful detention of another person. *Harrington v. U.S.*, 748 F.Supp. 919, 933 (D.Puerto Rico 1990).

■ The plaintiffs were imprisoned immediately after they were arrested for less than 24 hours, until bail was posted. Since the confinement was completed by the next day on August 1, 1990, and the claim was filed almost two years later on June 24, 1992, we find that this action is also time barred.[1]

## C. MALICIOUS PROSECUTION

■ Plaintiffs correctly maintain that a condition for a claim of malicious prosecution—under state law—requires that the prosecution end in their favour. It is well settled that a § 1983 claim for deprivation of civil rights through malicious prosecution cannot be stated without an allegation that the prosecution terminated in a manner favorable to the accused. *Malachowski v. City of Keene*, 787 F.2d 704, 713 (1st Cir.1986). The plaintiffs argue that, therefore, their claim of malicious prosecution under § 1983 should accrue from the date the prosecutions ended in their favour or were dismissed. The plaintiffs rely on the Tenth Circuit case of *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir.1990), which held by inference that such a claim does not accrue until the underlying prosecution has terminated in favor of the criminal defendant.[2]

In *Edwards*, 557 F.Supp. at 217, this court dealt with this issue and found that because Federal law determines when the cause of action accrues "there is no need to adopt a state accrual standard immersed in state requirements for a tort of malicious prosecution." Therefore, the claim would accrue from the time the plaintiff was or could have been aware of the harm.[3] More recently, however, in *Rohena Encarnacion v. Department of Treasury*, 665 F.Supp. 102, 103 (D.P.R.1987), we held that a cause of action for malicious prosecution under § 1983 does not accrue until acquittal has occurred. Therefore, we conclude that the cause of action accrued sometime in August of 1991 for Perez, when he was acquitted, and on March 21, 1992, for Lopez when trial was dismissed. Since plaintiffs' complaints were both filed on June 24, 1992, their claim of malicious prosecution is not time barred.

■ Nevertheless, plaintiffs' action fails to state a § 1983 claim for malicious prosecution. In *Torres v. Superintendent of the Police of Puerto Rico*, 893 F.2d 404, 409 (1st

---

1. We can also consider the plaintiff's detention as an ill effect of the original arrest and not as a separate action; in which case it would also be time barred. *McCune*, 842 F.2d at 906, citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3rd Cir.1982).

2. *Robinson*, 895 F.2d at 654. The court found that because the defendants had schemed to perjure the testimony of one of the witnesses, who was also a codefendant, the alleged conspiracy could not be perceived as a series of claims, but as one conspiracy to maliciously prosecute the plaintiff. Therefore, the court determined the proper accrual date was after the plaintiff was acquitted from his second criminal trial.

3. This approach was also observed by Justice White in his dissent to the Court's denial of certiorari on this issue, when he declared that:
   "The First Circuit has held that a malicious prosecution claim accrues at the time of arrest and not when the allegedly abusive proceeding comes to a conclusion, which may be years later." *Brummett v. Camble*, 946 F.2d 1178 (5th Cir.1991), *cert. den*, [— U.S. —] 112 S.Ct. 2323 [119 L.Ed.2d 241] (1992), *citing Walden III Inc.*, 576 F.2d at 947 n. 5 (1st Cir.1978).

**4**

Cir.1990), the court held that "to state a claim under § 1983, the complaint must assert that the malicious conduct was so egregious that it violated substantive or procedural due process rights under the Fourteenth Amendment." For a violation of substantive due process the conduct must be "conscience shocking". *Id.* at 410. The majority of courts have found such "conscience shocking" conduct where plaintiff has been physically abused, detained, prosecuted due to racial or political motivations or otherwise deprived of equal protection of the law. *Id.* We find that, whereas plaintiffs were detained until they were released on bail— Lopez for the night and Perez for a day— their detention did not rise to the level of "conscience shocking" conduct that would implicate a constitutional violation. There is no indication in the complaint that they were beaten, or prosecuted due to racial or improper motivations. Furthermore, a magistrate found there was probable cause for their arrest and subsequent detention.

In addition, the Court in *Torres* maintained that for procedural due process purposes in a claim for malicious prosecution, the plaintiff must show not only some egregious distortion and corruption of process resulting in the denial of a fair trial, but also that "there was no adequate state post-deprivation remedy available to rectify the harm". *Id.* We recognize the plaintiffs' allegations for a violation of procedural due process may be sufficient to state a § 1983 claim, however, plaintiffs have not shown us the state procedure was an inadequate remedy. "Where state law affords an adequate remedy, plaintiffs may not also have a procedural due process claim for malicious prosecution under § 1983." *Id.* at 411 citing *Barnier v. Szentmiklosi,* 810 F.2d 594, 600 (6th Cir. 1987). This jurisdiction provides such a remedy for malicious prosecution under Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141.

Plaintiffs' claim for malicious prosecution fails to overcome the obstacles for a meritori-

ous cause of action; the claim for malicious prosecution would be dismissed, regardless when it accrued.[4]

In conclusion, we find the plaintiffs' claims for false arrest and imprisonment under § 1983 time-barred. Additionally, the claim for malicious prosecution fails to meet the requirements of a meritorious claim. Therefore, defendants' motion for dismissal is hereby **GRANTED**. Judgement will be entered accordingly.

**SO ORDERED.**

---

**4.** The claim of malicious prosecution also falters because the plaintiffs' failed to allege that the prosecutor voluntarily joined the conspiracy in a deliberate attempt to deny them their due process rights. Therefore, the last overt act of this

"conspiracy" was the false imprisonment ending on August 1, 1990. *Edwards,* 557 F.Supp. at 219, *citing Kadar Corp. v. Milbury,* 549 F.2d 230, 234 (1st Cir.1977).