25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter Paul MARTINEZ, Plaintiff-Appellant,
v.
Jay ERICKSON; Pat Crouch; Dan May; Lieutenant Finley;
Lieutenant Grayson; Officer Griffin; Officer Kelsey;
Officer Johnson; Officer Florentine, and all other
unidentifiable officers of the Colorado Springs Police
Department, Defendants-Appellees.
 No. 93-1264.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.[2]
 
 
 2
 Appellant Peter Paul Martinez appeals the sua sponte dismissal of his pro se civil rights complaint, filed pursuant to 42 U.S.C.1983. Martinez alleged in his complaint that defendants Jay Erickson and Pat Crouch conducted an unconstitutional search and interrogation, and, along with defendant Daniel May, failed to protect Martinez from harm when he served as an informant. Further, he alleged that the defendant police officers and defendant May violated his civil rights by maliciously prosecuting him in two state criminal actions. In one action, the defendant police officers allegedly fabricated evidence, caused him to be falsely prosecuted for the fabricated evidence, and falsely testified about the evidence at trial. In the other action, defendant Finley allegedly coerced an intoxicated person to press false criminal charges against Martinez and, along with other defendants, maliciously caused Martinez to be prosecuted through the use of perjured testimony.
 
 
 3
 The district court dismissed all claims against defendant May, a district attorney, because May enjoys absolute prosecutorial immunity. The court found that the claim of an unconstitutional search and interrogation was barred by the statute of limitations and that none of the other claims in the complaint stated violations of federal law.
 
 
 4
 Martinez argues on appeal that the district court erred in dismissing the complaint before defendants had been served and without the benefit of a Martinez report. Further, he argues that all of his claims state violations of federal law, and none are barred by the statute of limitations.
 
 
 5
 Martinez filed his complaint in forma pauperis. The district court has authority to dismiss frivolous in forma pauperis complaints. 28 U.S.C.1915(d). Such dismissals are often made sua sponte, before the complaint has been served. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). Frivolous claims are those "whose factual contentions are clearly baseless," or those "based on an indisputably meritless legal theory." Id. at 327. The district court may dismiss a complaint under 1915(d) based on an affirmative defense when the defense is obvious from the face of the complaint. Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987). We review a 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 We agree with the district court that the statute of limitations bars the claim of an unconstitutional search and interrogation. Martinez states on the face of his complaint that the search and interrogation occurred in May 1989, which is outside the applicable two-year statute of limitations. See Blake v. Dickason, 997 F.2d 749, 750 (10th Cir.1993)(applying Colo.Rev.Stat. 13-80-102(1)(i) (1987), Colorado's two-year statute of limitations for residual actions to 1983 claim). Likewise, the statute of limitations bars Martinez' claim that defendants Erickson and Crouch failed to protect him from harm in July and August 1989, when he served as an informant.
 
 
 7
 A separate obstacle bars the claims of malicious prosecution. "[T]he federal courts have adopted the common law rule that termination of the underlying criminal proceeding in favor of the accused is an essential element of a 1983 malicious prosecution claim." Brummett v. Camble, 946 F.2d 1178, 1183-84 (5th Cir.1991)(collecting cases), cert. denied, 112 S.Ct. 2323 (1992); see also Robinson v. Maruffi, 895 F.2d 649, 654-55 (10th Cir.1990)(holding that 1983 claim for malicious prosecution accrues when the criminal proceeding has terminated in plaintiff's favor). The two criminal proceedings at issue have not terminated in Martinez' favor: he was convicted in one case and pled guilty in the other. Martinez cannot bring 1983 claims for malicious prosecution under these circumstances.
 
 
 8
 Finally, we conclude that the district court did not abuse its discretion in dismissing the complaint without first obtaining a Martinez report.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Martinez' motion to require service and an answer to the opening brief is DENIED. His motion for admission of facts and for summary judgment, based on defendants' failure to file an answer brief, is DENIED. The motion to remove the Colorado Attorney General from the file and certificates of mailing is GRANTED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument