Flora **ROHENA ENCARNACION, Plaintiff,**

v.

**DEPARTMENT OF the TREASURY, et al., Defendants.**

Civ. No. 86–0492 (JP).

United States District Court, D. Puerto Rico.

July 24, 1987.

Antonio Hernández Sánchez, Santurce, P.R., for plaintiff.

Antonio Fiol Matta, Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

This is a cause of action for deprivation of civil rights filed under 42 U.S.C. § 1983. Plaintiff alleges that defendants deprived plaintiff of rights secured under the fifth and fourteenth amendments to the U.S. Constitution in filing false criminal charges against her in local court.

The matter is before the Court on defendant's motion to dismiss on the basis that the complaint is time barred, and plaintiff's opposition thereto. In ruling on a motion to dismiss, the Court must accept as true all the material allegations of the complaint. The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Williams v. City of Boston,* 784 F.2d 430, 433 (1st Cir.1986), *citing Carley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

To determine whether a claim under section 1983 is time barred, the federal court must look to the period of limitations applicable for the analogous state cause of action. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Because a section 1983 sounds in tort, the general one year statute of limitations applicable to tort actions under the law of Puerto Rico is applicable. *Graffals v. Garcia,* 550 F.2d 687 (1st Cir.1977); *see also,* 31 L.P.R.A. § 5298(2). However, the issue of when a cause of action accrues under section 1983 is a matter for federal law. *Marrapese v. State of R.I.,* 749 F.2d 934 (1st Cir.1984). A cause of action under section 1983 accrues when the plaintiff "knew or should have known of his injury." *Marrapese,* 749 F.2d at 936.

The nature of plaintiff's complaint is for damages suffered as a result of a malicious prosecution. She alleges that, on April 8, 1985, a group of agents from the Bureau of Alcoholic Beverages of the Department of the Treasury visited her son's business, a

tire repair shop, and searched his business for the possible sale of alcoholic beverages. They found nothing, but the next day summoned her son to appear before the district office of the Bureau to answer a charge that agent and co-defendant Calderón Carrasquillo bought six beers at the tire shop. The son denied the charge, saying that only he and his mother were the only individuals on the premises. The son was informed that, if he chose to pay an administrative fine of $50.00, he would avoid a criminal prosecution.

On that same date, April 9, 1985, agent Calderón in the Carolina District Court filed charges against plaintiff in the name of Mary Doe for violation of the Alcoholic Beverages Law. With agent Calderón's testimony, a magistrate determined probable cause existed and issued an arrest warrant for Mary Doe.

On April 12, 1985, agent Calderón visited the son's business and threatened plaintiff, grabbed her by the arms and shook her, urging her to call her son to face his charges. On April 15, 1985, plaintiff and her son visited the Bureau's office in Río Piedras to report this incident. She then learned of the indictment and arrest warrant against her.

### DISCUSSION

Defendant's motion alleges that, even considering three different dates of reference as the accrual date, the action is time barred: First, the April 8, 1985 visit by the Agents of the Bureau; second, the April 9, 1985 visit by her son to the Bureau to answer the summons; and third, the April 12, 1985 visit to her son's business by agent Calderón. Because the complaint was not filed until April 14, 1986, defendant alleges the action is time barred. Plaintiff filed an amended complaint on December 15, 1986, to allege that plaintiff had been acquitted of the charges on August 25, 1986, four months after the filing of the original complaint.

■ However, as previously stated, this action is characterized as a malicious prosecution. That cause of action does not accrue until the malicious action is terminated in the plaintiff's favor. In *Malachowski v. City of Keene*, 787 F.2d 704, 713 (1st Cir.1986), the First Circuit said that "[i]t is well settled that a § 1983 claim for deprivation of civil rights through malicious prosecution cannot be stated without an allegation that the prosecution terminated in a manner favorable to the accused." In *Malachowski*, parents filed a § 1983 action against judges, a foster home, a prosecutor, a court appointed attorney, and police officers for the deprivation of constitutional rights resulting from juvenile delinquency proceedings involving their daughter. Their charge against one Sergeant Brown was that he maliciously filed the juvenile delinquency petition against the daughter with the knowledge that it was false. The Court held that the sergeant enjoyed absolute immunity from damages for the filing of an alleged false delinquency petition. As an alternative holding, the Court said that, because the daughter pled to the charge and was adjudicated a delinquent, they could not assert a cause of action under section 1983 because the prosecution did not terminate in the daughter's favor. An essential element of a cause of action for malicious prosecution was lacking.

■ Similarly, here the plaintiff's original complaint, rather than being time barred, was defective in that it did not plead the acquittal of the charge for violation of the Alcoholic Beverages Law. The date of the acquittal is the date her cause of action accrued. The plaintiff's amended complaint, filed on December 15, 1986, which pleads the acquittal, cured that lacking element. Plaintiff was forced to plead the acquittal in order to set forth a cause of action for malicious prosecution. *Malachowski*, 787 F.2d at 713. The acquittal occurred after the filing of the original complaint and for this reason the complaint is not time barred.

Accordingly, the Motion to Dismiss is DENIED, and this case is RESET for a Further Initial Scheduling Conference on August 3, 1987, at 2:00 p.m.

IT IS SO ORDERED.