United States Court of Appeals,

Fifth Circuit.

No. 92-5092.

Donald M. JOHNSON, Plaintiff-Appellant,

v.

LOUISIANA DEPARTMENT OF AGRICULTURE, Bob Odom, et al.,
Defendants-Appellees.

April 12, 1994.

Appeal from the United States District Court for the Western
District of Louisiana.

Before HIGGINBOTHAM, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Donald Johnson appeals the district court's dismissal of his
§ 1983 action. We affirm in part and reverse in part.

I.

In the early 1980s, Donald Johnson operated a cropdusting
business, the Transylvania Flying Service, in Louisiana. On four
occasions from 1982 through 1984, the Louisiana Department of
Agriculture brought charges against Johnson and his company for
violating the Louisiana pesticide laws. On each occasion, the
Louisiana Advisory Committee on Pesticide held hearings on the
charges and then recommended that the Agriculture Commissioner
assess penalties against Johnson. The Commissioner accepted the
findings and sanctioned Johnson each time. The penalties became
increasingly severe, and Johnson's cropdusting career ended when
the Department revoked his license and his certification to apply
pesticides. After three of the four hearings, Johnson appealed the

1

sanctions to a Louisiana state court, where the findings of liability were generally affirmed although the sanctions were often reduced.

Johnson alleges that the agriculture department continued citing him because he refused to make a large enough contribution to the reelection campaign of Agricultural Commissioner Bob Odom. He claims that the agriculture department fabricated evidence against him and forced an employee to give perjured testimony in order to sustain the convictions. He also alleges that Odom and other agriculture department officials contacted Commission members to influence their votes at his hearings. Further, he asserts that Dale Rinicker, the parish sheriff, helped the department gather illegal evidence against him.

When the motion for summary judgment was filed, the complaint asserted claims under 42 U.S.C. § 1983 against Bob Odom, Commissioner of Agriculture, employees of the Louisiana Department of Agriculture, members of the Advisory Commission on Pesticides, and Sheriff Rinicker. After several requests by the court and the defendants for specific allegations against specific defendants, the district court determined that Johnson's complaint alleged violations of his First Amendment and Fourth Amendment rights, of procedural due process, and of equal protection.

The court dismissed the First Amendment and procedural due process claims because the plaintiff had failed to comply with the court's orders to plead them more specifically, and alternatively because the complaint did not state a claim. The court determined

that Johnson's allegations of selective prosecution stated an equal protection claim with sufficient specificity, but then held that qualified immunity protected defendants from that claim. The court also determined that Sheriff Rinicker was entitled to summary judgment because Johnson had no standing to contest any actions the sheriff took in violation of the Fourth Amendment.

## II. FIRST AMENDMENT CLAIM

We first must determine if the district court erred when it held that Johnson failed to state a claim under § 1983 for violation of his First Amendment rights.[1] Johnson alleges that "his first amendment rights were violated by the defendants' coercive attempts to stifle him and his free expression of speech." Johnson alleges that defendants targeted him for prosecution because he "would not shut up and acquiesce to the mistreatment inflicted upon him by the LDOA."

If this allegation asserts a claim on any basis, we agree with the district court that the claim is one for malicious prosecution in violation of Johnson's First Amendment rights. Whether the Constitution comprehends any such claim is far from clear. The Supreme Court has recently held that malicious criminal prosecution, if actionable in constitutional law, should be governed by the Fourth Amendment rather than substantive due

---

[1] The district court also dismissed Johnson's First Amendment claim for failure to comply with court orders requiring Johnson to plead this claim with more specificity. Because we hold that Johnson does not state a claim under the First Amendment, we do not address whether the district court was within its discretion in assessing dismissal as a sanction for violation of its orders.

3

process, with its "scare and open-ended" "guideposts." *Albright v. Oliver,* --- U.S. ----, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Significantly, the Court expressed no view whether such a claim would succeed under the Fourth Amendment. Johnson raised no Fourth Amendment malicious prosecution claim. Further, it is an even more complex question whether and on what basis a First Amendment claim of malicious prosecution can be made. But at the very least, if the First Amendment protects against malicious prosecution, Johnson must not only allege a deprivation of a constitutional right, but must also establish all of the elements of the common law tort action. Johnson has failed to satisfy the common law requirement that "the underlying criminal proceeding[2] ... terminate in the plaintiff's favor." *Brummett v. Camble,* 946 F.2d 1178, 1183 (5th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992).

Johnson appealed five of his administrative penalties, and four ended in a decrease in punishment. See, *Johnson v. Odom,* 470 So.2d 988 (La.App. 1st Cir.), writ denied, 476 So.2d 355 (La.1985) (Johnson violated the law by using pesticide inappropriately, but remanded because Commissioner not authorized by statute to impose

---

[2]Before *Albright,* supra, this circuit attempted to distinguish malicious prosecution claims in criminal proceedings which generally are serious enough to rise to the constitutional level, and those based on civil proceedings, which do not usually raise a constitutional issue. We had not addressed whether malicious prosecution claims in administrative proceedings that may result in sanctions rise to the constitutional level. Because Albright casts a shadow on all our prior cases and because Johnson in any event fails to satisfy a critical element of a malicious prosecution claim, we do not address this issue here.

4

both fine and suspension); *Johnson v. Odom,* 536 So.2d 541 (La.App. 1st Cir.1988); writ denied, 537 So.2d 213 (1989) (Johnson violated the law by flying without a license, but fine excessive; Johnson violated the law, but penalties unfair; Johnson admitted committing battery on a Department worker trying to serve a subpoena, but the worker did not have the statutory power to serve subpoena so Johnson did not violate statute penalizing interference with a Commission representative in performance of his duties).

However, none of the appeals ended with a finding of not guilty. Therefore, even if Johnson's claim is cognizable after *Albright,* the district court did not err in dismissing Johnson's First Amendment claim.

## III. DUE PROCESS CLAIM

Johnson alleges that Odom and his employees denied Johnson procedural due process by engaging in ex parte contacts with Advisory Committee members and soliciting perjured testimony to present to them. The district court held that such actions constitute the kind of "random, unauthorized" deprivations of rights that are not actionable under § 1983 if the state has adequate post-deprivation remedies for them. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part not relevant here, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Because Johnson had a right to a rehearing of his adjudication and a right to seek

5

judicial review of the Commissioner's findings, the district court held that his claim was not actionable.

This circuit has held that a § 1983 action for deprivation of procedural due process is barred if a state has adequate post-deprivation remedies and the following conditions exist: 1) the deprivation must truly have been unpredictable or unforeseeable; 2) pre-deprivation process would have been impossible or impotent to counter the state actors' particular conduct; and 3) the conduct must have been "unauthorized" in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992).

Defendants argue, as proof of all three elements, that bias, ex parte contacts, and solicitation are expressly prohibited by Louisiana law. See, La.Rev.Stat. § 49:960 (prohibiting regulator bias; La.Rev.Stat. §§ 14:122(3), 14:129.1(a), 14:134(3) (prohibiting perjury). Because Louisiana does not authorize public officials to taint adjudications through acts of bias, but instead expressly forbids it, the state could not predict when public officials might break the law nor could it expect that additional laws would prevent the acts if existing laws did not.

Johnson's sole argument on this issue is that our decision in an earlier opinion in this case established a violation of due process as law of the case. The relevant language from that opinion states:

6

> Johnson's claim for relief rests on the allegations that the Department of Agriculture, through the named defendants, 1) encouraged perjured testimony to facilitate adjudicating him guilty of violating Louisiana's Pesticide Control laws and 2) singled him out for prosecution and revocation of his license using illegally obtained evidence.  Such actions, if true, would violate Johnson's due process rights.

*Johnson v. Odom,* 910 F.2d 1273, 1277 (5th Cir.1990) (per curiam), cert. denied, 499 U.S. 936, 111 S.Ct. 1387, 113 L.Ed.2d 443 (1991).

The doctrine of the law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided" and does not limit their power to consider matters that could have been, but were not, raised and resolved in the earlier proceeding.  *Browning v. Navarro,* 887 F.2d 553, 556 (5th Cir.1989).  This court's earlier opinion did not consider the *Parratt/Hudson* doctrine and whether Louisiana provided adequate post-deprivation remedies.  Rather, we stated generally that Johnson had alleged actions inconsistent with due process.  That statement does not conflict with the district court's ruling in this circumstance because a plaintiff has no claim under § 1983 for a due process violation where states provide adequate post-deprivation remedies.

We recognize that Odom is an elected head of the Department of Agriculture and enjoys considerable authority.  However, this authority does not automatically make all of his actions "authorized" under the *Parratt/Hudson* doctrine.  § 1983 should not be employed to remedy deprivations which occur at the hands of even high ranking state employees "who [are] acting in direct contravention of the state's established policies and procedures which have been designed to guarantee the very protections which

7

the employee now has chosen to ignore." *Easter House v. Felder*, 910 F.2d 1387, 1404 (7th Cir.1990) (en banc) (emphasis omitted). The State of Louisiana could not predict that Odom would violate statutory provisions against bias, ex parte contacts, and solicitation, as Johnson alleges he has. Simply because Odom is a high state official does not mean that his actions are automatically considered established state procedure that would take the case outside of the *Parratt/Hudson* doctrine. *Id.* at 1402.

The district court did not err in dismissing Johnson's due process claim in light of the Supreme Court's pronouncements in *Parratt* and *Hudson.* The actions complained of were "random and unauthorized," and Johnson had adequate post-deprivation remedies.

## IV. FOURTH AMENDMENT

Johnson argues next that the district court erred in dismissing his claim against Sheriff Rinicker. Johnson alleged that the sheriff "drove his vehicle directly into the path of an airplane that Mr. Johnson was operating to apply pesticides in an attempt to create a "violation' of the pesticide laws which the LDOA would (and did) use to prosecute plaintiff." Johnson also alleges that the sheriff drove onto private property without a warrant to get evidence against him.

The district court interpreted these allegations as claims that the sheriff conducted an unreasonable search, and the court concluded that Johnson did not make out a constitutional violation. To establish a Fourth Amendment claim, Johnson must show that he had a legitimate expectation of privacy in the area searched. *U.S.*

8

*v. Ibarra,* 948 F.2d 903, 905 (5th Cir.1991). The sheriff's affidavit shows that Johnson did not own the field that the sheriff inspected for evidence of pesticide use. We doubt that the owner of property had a reasonable expectation of privacy in the open field. *Oliver v. United States,* 466 U.S. 170, 171, 104 S.Ct. 1735, 1737-38, 80 L.Ed.2d 214 (1984). Johnson, who was not even the owner of the field, certainly had no standing to assert a Fourth Amendment violation.

## V. EQUAL PROTECTION

The district court concluded that Johnson's complaint stated a claim for violation of equal protection based on the Department's selective prosecution of him. But it was persuaded that qualified immunity shielded the defendants from liability. Johnson argues that the law of the case precludes exonerating the defendants on qualified immunity grounds. We agree.

Our earlier opinion in this case expressly concluded that fact issues were presented precluding a summary resolution of defendants' qualified immunity defense:

> We affirm the district court's determination that 1) the defendants are not entitled to absolute immunity status and 2) a material issue of fact exists as to the defendants' claims for qualified immunity making summary judgment improper.

*Johnson v. Odom,* 910 F.2d at 1275. We held that the allegations that the defendants encouraged perjury and singled out Johnson for punishment by repeated prosecutions were material to the issue of qualified immunity and were in dispute. *Id.* at 1277-78.

Thus defendants must present their qualified immunity defenses to a fact finder for resolution of material issues of fact.

9

VI.

We affirm the district court's dismissal of Johnson's First Amendment, Fourth Amendment and due process claims. We reverse the district court's dismissal of the plaintiff's equal protection claim on qualified immunity grounds and remand this claim for trial. Accordingly the district court's judgment is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.