P.J. HAHN

v.

The CITY OF KENNER, et al.

No. Civ.A. 96–2425.

United States District Court,
E.D. Louisiana.

April 13, 1998.

William Joseph Larzelere, III, Tamara Kluger Jacobson, Robert G. Harvey, Sr., & Associates, New Orleans, LA, Wiliam Patrick Klotz, Jr., New Orleans, LA, Ann Comerio, Plunkett & Gibson, San Antonio, TX, Robert Harvey, Sr., Harvey, Jacobson & Corrington, New Orleans, LA, for Plaintiff.

Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Defendant Kenner City.

Philip J. Boudousque, Law Offices of Philip J. Boudousque, Metairie, LA, Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Defendants Nick Congemi, Anthony Lombard.

H. Alston Johnson, Phelps, Dunbar, LLP, Baton Rouge, LA, Harry A. Rosenberg, Maria Nan Alessandra, Phelps, Dunbar, LLP, New Orleans, LA, Thomas Glenn Buck, Robert Edward Williams, IV, Blue, Williams, LLP, Metairie, LA, for Defendant Ken Hollis.

Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, for Movant Tom Brundage.

Clement Peter Donelon, Metairie, LA, for Movant Bruce Lizana.

Clement Peter Donelon, Metairie, LA, Movant, pro se.

## ORDER AND REASONS

FALLON, District Judge.

■ Before the Court are motions for awards of attorney's fees and costs filed by defendants City of Kenner ("Kenner"), Kenner Police Officer Anthony Lombard ("Officer Lombard"), Kenner Chief of Police Nick Congemi ("Chief Congemi"), and Kenner Mayor Louis Congemi ("Mayor Congemi"). Defendants seek recovery against plaintiff P.J. Hahn pursuant to 42 U.S.C. § 1988 and against plaintiff's counsel pursuant to 28 U.S.C. § 1927.[1] For the reasons stated below, the motion for fees pursuant to 42 U.S.C. § 1983 filed by Officer Lombard is GRANTED; by Mayor Congemi is GRANTED IN PART and DENIED IN PART; and by Chief Congemi and by Kenner are DENIED. All motions for fees pursuant to 28 U.S.C. § 1927 are DENIED.

## I. BACKGROUND

Defendants' motions for fees and costs arise out of Hahn's unsuccessful suit, filed June 26, 1996 in state court and later removed to this Court. Hahn alleged that: (1) on August 24, 1995 Officer Lombard, acting on orders from Chief Congemi, arrested Hahn without probable cause; (2) Hahn was unlawfully detained after his arrest and was released only upon posting an excessive

---

**1.** As a threshold matter, Hahn contends that defendants' motion for fees was untimely under Fed.R.Civ.P. Rule 54(d)(2)(B), having been filed more than fourteen days after Hahn's Section 1983 claims were dismissed. However, 54(d)(2)(B) applies to final judgments from which an appeal can be taken, and thus the fourteen-day clock did not begin to run. Second, in this Circuit there is "no jurisdictional time limit on the filing of a motion seeking attorney's fees." *Neidhardt v. D.H. Holmes Co., Ltd.,* 701 F.2d 553 (5th Cir.1983). Third, the "timing of a motion for attorney's fees will not by itself support denial where, as here, the delay in filing is not extreme and there has been no prejudice or unfair surprise to the adverse party as a result of the delay." *Walker v.. City of Bogalusa,* 1997 WL 666203 *1 (E.D.La.).

bond; (3) Chief Congemi and his brother Mayor Congemi[2] delayed and otherwise interfered with Hahn's criminal proceedings; and (4) Chief Congemi and Mayor Congemi defamed Hahn by divulging false information about the circumstances surrounding his arrest.[3] Hahn sought relief from Officer Lombard and Kenner under 42 U.S.C. § 1983, and from the Congemis under both 42 U.S.C. § 1983 and state defamation law.

All the above defendants moved for summary judgment. At oral argument on July 9, 1997, the Court granted Mayor Congemi's motion and took the other motions under submission. By Order and Reasons of August 28, 1997, the Court denied reconsideration of its dismissal of Mayor Congemi. The Court found that Officer Lombard had probable cause to arrest and detain Hahn and that Officer Lombard was entitled to summary judgment. The Court ruled that while a genuine issue of material fact remained as to whether Chief Congemi had defamed Hahn under Louisiana law, Chief Congemi was entitled to summary judgment on Hahn's Section 1983 claims against him. The Court also dismissed all claims against Kenner. On March 17, 1998 the Court granted Chief Congemi's re-urged motion for summary judgment as to his allegedly defamatory statements regarding Hahn.

## II. *ANALYSIS*

### A. Standard for Granting Fees Under 42 U.S.C. & 1988 and 28 U.S.C. & 1927

■ Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." While the statute is facially neutral, the standard for awarding fees to prevailing defendants is significantly higher than for prevailing plaintiffs: a "prevailing defendant should be awarded attorneys' fees only upon a find-

ing that the plaintiff's action was frivolous, unreasonable, or without foundation." *Coats v. Pierre*, 890 F.2d 728, 733 (5th Cir.1989) (internal and external citations omitted). The Circuit asks "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991). As this District has noted,

> The courts have recognized that private enforcement would be substantially diminished if plaintiffs with good faith claims under the civil rights statutes faced the prospect of always having to pay their opponent's fees should they lose. *Vaughner v. F.J. Pulito*, 804 F.2d 873, 878 (5th Cir.1986); *Lopez v. Aransas County Sch. Dist.*, 570 F.2d 541, 544–45 (5th Cir.1978). To avoid discouraging all but "airtight claims," courts focus on whether a plaintiff's claim is colorable and of arguable merit. *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir.1981). Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1170 (5th Cir.1982). When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not entitled to attorney's fees. *Vaughner*, 804 F.2d at 878.

*Broussard v. Board of Trustees for State Colleges and Universities*, 1995 WL 683858 *1 (E.D.La.1995).

■ Under 28 U.S.C. § 1927, an attorney who "so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees

---

**2.** Louis Congemi became Mayor on March 21, 1996, almost seven months after Hahn was arrested and approximately three months before Hahn filed suit.

**3.** Hahn also sued Sen. Kendrick Hollis regarding defamatory statements Hollis allegedly made against Hahn. Sen. Hollis' original motion for summary judgment was filed and considered separately. On October 20, 1997, the Court dis-

missed Hahn's 42 U.S.C. § 1983 assertion against Sen. Hollis, but denied summary judgment as to Hahn's state law defamation action. The Court granted summary judgment concerning state law defamation on March 17, 1998, dismissing Sen. Hollis from this action. Because defendant Hollis is not a party to the motions now before the Court, he will not be mentioned further.

reasonably incurred because of each conduct." Awards under Section 1927 are penal in nature, limited to prevent "the legitimate zeal of an attorney in representing" a client from being dampened, and are available only for those fees and costs "associated with 'the persistent prosecution of a meritless claim.'" *Browning v. Kramer*, 931 F.2d 340, 344–45 (5th Cir.1991). This District recognizes that "the multiplication of proceedings must be not only unreasonable but also vexatious" and looks to whether counsel "acted in bad faith, with improper motive or with a reckless disregard of the duty owed to a court. Sanctions may not be imposed for mere negligence on the part of counsel." *Walker v. City of Bogalusa*, 1997 WL 666203 *11 (E.D.La.).

## B. *Officer Lombard's Motion for Fees under 42 U.S.C. § 1983*

■ Hahn claimed that Officer Lombard violated his right to be free of arrest and detention when Lombard arrested him in the early morning hours of August 24, 1995.[4] While such a violation would be cognizable under 42 U.S.C. § 1983, *see, e.g., Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988), the Court found that Officer Lombard had committed no such violation. As detailed more thoroughly in the Court's August 28, 1997 Order and Reasons, Lombard responded to a late-night call regarding a domestic dispute involving a weapon. (Pretrial Order at 11.) As Lombard arrived, he encountered Hahn leaving the residence holding a 9mm handgun. According to Lombard's arrest report, Lombard was informed by witnesses on the scene that Hahn had "pointed a loaded 9mm gun at victims."[5] He

was also informed by witnesses of Hahn's contact with one of the alleged victims. According to Hahn's own testimony, "[o]ne told him I punched her in the jaw, and the other one said I hit her in the chest." (Hahn Dep. at 300.) Lombard then learned from Hahn himself that some non-consensual contact had taken place. (*Id.*) Hahn even admits that Officer Lombard had probable cause to believe that a battery had occurred, as well as probable cause to arrest him.[6] (*Id.* at 302.)

The Court found that as a matter of law, Officer Lombard had probable cause to arrest Hahn. Probable cause to arrest defeats a Section 1983 claim based on false arrest. *See Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1189 (5th Cir.1991); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990). Hahn attempted to get around the probable cause hurdle by contending that he was arrested only after Officer Lombard phoned defendant Chief Congemi and received instructions to arrest Hahn. Thus, Lombard allegedly had improper motives for arresting Hahn. First, there was no credible testimony as to the existence of such a call, and Hahn submitted no evidence which might have substantiated such a claim, such as phone records. More importantly, "only an undiscerning reader would regard [other cases] as endorsing the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of law has occurred." *Whren v. U.S.*, 517 U.S. 806, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996). Only an undiscerning reader would have regarded the existence or content of Lombard's call[7] or of any

---

4. Hahn apparently tried to hold Officer Lombard liable in connection with Hahn's allegedly unlawful detention following arrest. As discussed in its August 28, 1997 Order and Reasons, nothing about Hahn's detention even approached a violation of his constitutional guarantees. Even more relevant to the analysis of Hahn's reasonableness in dragging Officer Lombard into these proceedings, Hahn did not even specify what role Officer Lombard could conceivably have had in any such violation. There was zero evidence or even inference as to how Officer Lombard could possibly have been tied to Hahn's alleged denial of a prompt phone call, reasonable bond, or appropriately timely release.

5. Hahn does *not* dispute that Officer Lombard accurately recorded information told to him. (Hahn Dep. at 302.)

6. The Court did not rely on Hahn's legal characterization of probable cause, but it is evidence of the unreasonableness of Hahn's claims against Officer Lombard.

7. The accusation involving the supposed phone call to Chief Congemi is basically that upon arrival at the house, Officer Lombard was warned by either Hahn or Hahn's wife that Hahn had friends high in law enforcement (Jefferson Parish Sheriff Harry Lee), and that Officer Lombard

allegedly improper motive to arrest as relevant to whether Hahn's rights were violated. Where probable cause is established, the Court has "flatly dismissed the idea that an ulterior motive might serve to strip the agents of their legal justification." *Id.* (citing *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)).

Even assuming that there was a scintilla of ground for holding that Officer Lombard might have violated Hahn's rights, Hahn has presented no evidence or even cogent argument as to how he could possibly have overcome the qualified immunity afforded Lombard under Section 1983 jurisprudence. Qualified immunity protects "police officers in the 'gray area' between absolute certainty on the one hand and reckless or wanton conduct on the other. In the regular course of police work, this gray area can cover a wide range of reasonable conduct." *Hart v. O'Brien,* 127 F.3d 424, 453 (5th Cir.1997) (citations omitted). Even if a later review of the events or circumstances could have produced some foundation for declaring that Lombard had violated Hahn's rights, such ex post facto criticism of police officers actions is irrelevant: "for purposes of immunity, we must evaluate their actions given what they knew when they acted." *Id.* at 453. Even if Officer Lombard's response was incorrect, it defies logic to argue that it was outside the scope of "objective legal reasonableness" that would have entitled him to qualified immunity. *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 279 (5th Cir.1992).

Despite conducting himself at the scene of a very tense domestic dispute in a manner that strikes the Court as closer to admirable than to sanctionable, Officer Lombard was unreasonably dragged into over a year's worth of frivolous and costly litigation. As the Court finds that Hahn's claims against Officer Lombard were groundless and wholly without merit from the onset, Officer Lombard is entitled to all reasonable attorney's fees incurred in his defense.[8]

### C. *Kenner Police Chief Nick Congemi's Motion for Fees under 42 U.S.C. § 1983*

■ Hahn averred that Chief Congemi (1) ordered or urged Officer Lombard to unlawfully arrest Hahn; (2) acted to delay and otherwise interfere with Hahn' criminal proceedings; and (3) defamed Hahn by divulging false information about the circumstances surrounding his arrest. While Hahn's claims regarding the arrest were frivolous, the Court finds that his other charges, although ultimately dismissed, were not. As noted above in relation to Officer Lombard, there was never any credible evidence of any pre-arrest contact between Chief Congemi and Officer Lombard, and no showing of how any such a phone call could have converted a probable cause-based arrest into a violation

■ Turning to Hahn's claims regarding Chief Congemi's interference with Hahn's domestic disturbance criminal proceedings, Hahn first declared that Chief Congemi improperly intervened to bar then—Senior City Prosecutor Robert Defrancesch ("Defrancesch") from retrieving Hahn's seized handgun. Factually, Hahn's declaration was solid, as Chief Congemi readily admitted to intervening. While the Court found that depriving Hahn of his gun did not violate any Fourteenth Amendment property interest, the issue was one requiring a careful analysis of constitutional law, and did not fall to the level of frivolity.

■ Hahn pointed to Chief Congemi's role in supposedly improperly influencing Hahn's criminal proceedings.[9] Hahn submitted evi-

then phoned his boss for directions on how to proceed.

**8.** The Court notes with approval defendants' numerous communications to plaintiff notifying them of the potential for attorney's fees and costs, and offering to drop any request for fees in return for dismissal of Hahn's claims.

**9.** Defendant argues that as Hahn had a de novo right to a new trial for any conviction in his City Court criminal proceedings, any interference in

his City Court proceedings would not amount to a Section 1983 violation under *Johnson v. Louisiana Dept. of Agriculture,* 18 F.3d 318 (5th Cir. 1994). *Johnson* does stand for the proposition that a right to rehearing and a right to seek judicial review may eliminate any due process claim as it relates to the initial action. *Id.* However, in *Johnson,* the initial action was an administrative hearing, not a criminal prosecution. Even if defendant is correct that *Johnson* was not limited to the administrative context, but would

dence of pressure Chief Congemi and his brother, Mayor Congemi, placed on the initial judge assigned to Hahn's criminal case and on the prosecutors in his case. (*See, e.g.,* Aff. of Defrancesch.) Hahn claimed that Chief Congemi's actions violated his due process rights and, given delays in getting a trial, his speedy trial rights as well. The Court did not find that Hahn's claims were unreasonable, but rather determined, that "any attempt by Chief Congemi to influence Hahn's case, while troubling if true, is insufficient to form the basis of a Section 1983 action, as it did not cause a violation of any of Hahn's constitutionally protected rights." (Order and Reasons, August 28, 1998, at 13.) Hahn's seeming inability to correctly grasp the complex constitutional issues involved did not render his assertions frivolous.

■ Hahn's final claim against Chief Congemi regarded specific remarks Chief Congemi made about Hahn to elected officials at a dinner on March 4, 1995. Hahn alleged with particularity that Chief Congemi defamed him by publishing false statements regarding the circumstances surrounding Hahn's arrest and the severity of the charges. The Court initially denied Chief Congemi's motion for summary judgment as to state law defamation, finding an issue of material fact. While the Court finally dismissed the defamation charges against Chief Congemi, Hahn's defamation claim was not frivolous. Chief Congemi admitted to making statements about Hahn that night, although he disputed the exact words that he used. Chief Congemi admitted that he did not specify that the arrest was for a misdemeanor and he could not recall exactly how he described the role of the other individuals involved. (Chief Congemi Dep. at 286–97.) Hahn could not show defamation, or that this was "accompa-

nied by an infringement of some other interest," as required to raise a § 1983 action, *Paul v. Davis,* 424 U.S. 693, 710–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). However, Hahn's defamation claim survived summary judgment initially, and he had a colorable, if ultimately unpersuasive, claim that the alleged defamation impacted his due process rights in connection with his failure to be confirmed to the Levee Board.[10]

### D. *Mayor Congemi's Motion for Fees under 42 U.S.C. § 1983*

Entitlement to fees for Mayor Congemi presents the Court with a more difficult question than for either Officer Lombard or Chief Congemi. Hahn insisted that Mayor Congemi interfered with his state criminal court proceedings, violating his due process rights and his right to a speedy trial. Hahn also contended that Mayor Congemi violated his constitutional rights by "publishing or causing to be published false statements that he was charged with felonies." (Mem. in Support of Rec.)

■ As analyzed above in relation to his brother, Chief Congemi, there was at least initial "smoke" indicating the potential "fire" that Hahn's criminal court proceedings had been disturbed. Mayor Congemi's position, relation to his brother, and evidence, albeit sparse, of pressure Mayor Congemi's placed on the initial judge assigned to Hahn's criminal case and on the prosecutors in his case, (*see, e.g.,* Aff. of Defrancesch), made the original filing of claims against Mayor Congemi reasonable. However, unlike Chief Congemi, any smoke emanating from Mayor Congemi dissipated before this case reached the summary judgment stage. As the Court ruled from the bench after oral argument on summary judgment, there was no evidence in the

---

control in a criminal matter, the effect of *Johnson* is not so clear as to make Hahn's claim frivolous.

10. In the Court's October 20, 1997 Order and Reasons, the Court noted that Hahn's appointment to the Levee Board was only interim and would have lapsed unless confirmed by the Senate. Hahn cited no authority for the proposition that he had a recognized property right in being confirmed by the Senate, nor did he point to any other right allegedly infringed by any defamatory

statements. "Damage to an individual's reputation as a result of defamatory statements made by a state actor" must be "accompanied by an infringement of some other interest" to be actionable under Section 1983. *Paul v. Davis,* 424 U.S. 693, 710–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Hahn therefore could not satisfy the infringement element necessary to pursue a Section 1983 action for defamatory statements. However, not ultimately actionable and frivolous are not synonymous.

record to support Hahn's claims against Mayor Congemi, the claims were in fact "more innuendo than allegation," and there was nothing that "would justify keeping Louis Congemi in the lawsuit." (Tr. of July 9, 1997 hearing, at 32.)

Even if Hahn was not unreasonable in initially professing that Mayor Congemi interfered with his criminal proceedings, at some point his action became frivolous. Mayor Congemi did not even become Mayor until almost seven months after Hahn was arrested, and thus was not a state actor until this time, long after most of the alleged violations had occurred. While Chief Congemi undertook specific actions regarding Hahn's case, Hahn never produced any evidence of specific actions by Mayor Congemi. Hahn's interference claims were certainly frivolous by the time Mayor Congemi moved for summary judgment.

■ As to Hahn's claim for defamation, unlike his other allegations of defamation in this case which focussed on statements that were undeniably made and indisputably involved Hahn's arrest, Hahn did not point specifically to any time or situation in which such alleged defamation by Mayor Congemi took place. Hahn offered only statements attributed to his wife, who allegedly told him what Wendy Nuccio told her that Mayor Congemi and/or Mayor Congemi's wife told Ms. Nuccio a defamatory version of the events surrounding the arrest. (Hahn Dep. at 722–23.) While Hahn may have had a reasonable basis for pursuing Mayor Congemi initially, Hahn's inability to gather anything more than this multi-layered hearsay made his defamation claim frivolous. Failing to dismiss the claim before the summary judgment stage was unreasonable.

Therefore, the Court finds that Hahn's initial filing against Mayor Congemi was not frivolous, but became so later. Hahn appeared to discern the meritlessness of maintaining an action against Mayor Congemi,

and wisely dismissed him voluntarily.[11] However, Hahn refused to dismiss Mayor Congemi with prejudice. Continuing to pursue claims against Mayor Congemi past a certain point was unreasonable and forced Mayor Congemi to litigate to have the by then frivolous claims dismissed. The Court therefore finds that the reasonable costs incurred in relation to summary judgment are recoverable.

**E. City of Kenner's Motion for Fees under 42 U.S.C. § 1983**

■ Hahn also attempted to hold the City of Kenner liable. While Hahn presented no evidence of any constitutionally infirm policy in the sense of an established custom or practice, he did raise claims against the Chief of Police and the Mayor. Either the Chief of Police or Mayor could reasonably be considered final policymakers, and thus their actions, under appropriate circumstances, could have made Kenner liable under *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) and its progeny. As Hahn's claims of 1983 violations against Chief Congemi were not without foundation, and his claims against Mayor Congemi were not meritless initially, his claims against Kenner were not frivolous.[12]

**F. Motions for Fees under 28 U.S.C. § 1927**

■ In light of the foregoing, much of Hahn's case was, "if not frivolous, at least notable for its lack of merit;" however, the Court is not persuaded that counsel's pursuit of this matter "exhibited the degree of recklessness, bad faith, or improper motive required for a finding that the attorney has multiplied the proceedings 'unreasonably and vexatiously.'" *Manax v. McNamara*, 842 F.2d 808, 814 (5th Cir.1988). The "imposition of sanctions under Section 1927 requires a showing of improper purpose," *Harvey Honore' Constr. Co., Inc. v. Louisiana Associated Gen. Contractors, Inc.*, 1996 WL 627993 (E.D.La.1996) and the Court finds

11. September 23, 1996.

12. Defendants argue that neither of the Congemis had policymaking authority over the specific matters in question, and therefore that there could not have been *Pembaur* liability. The

Court has not had cause to answer this question, and even if defendants are legally correct, the Court does not find that Hahn's arguments, if infirm, were so unreasonable as to justify awarding attorney's fees as to Kenner.

none present. Therefore, all motions seeking recovery pursuant to 28 U.S.C. § 1927 must be denied.

## II. *CONCLUSION*

For the foregoing reasons, IT IS ORDERED that the motion for fees pursuant to 42 U.S.C. § 1983 filed by Officer Lombard is GRANTED; by Mayor Congemi is GRANTED IN PART and DENIED IN PART; and by Chief Congemi and by Kenner are DENIED. All motions for fees pursuant to 28 U.S.C. § 1927 are DENIED.