Alvin Z. BUTLER

v.

RAPIDES FOUNDATION, et al.

No. CIV.A. 03–1966.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 7, 2005.

---

Trevor S Fry, Gold Weems et al, Steven M Oxenhandler, Gold Weems et al, Sam N Poole, Jr, Gold Weems et al, Alexandria, for John D Atchison, Defendant.

Malcolm Xerxes Larvadain, Alexandria, for Alvin Z Butler, Plaintiff.

## MEMORANDUM RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS

LITTLE, District Judge.

Before the court is a motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988 filed by the defendants, The Rapides Healthcare System, L.L.C., d/b/a Rapides Regional Medical Center ("RHS"), and John Atchison ("Atchison") (collectively, "Defendants") [Doc. # 20]. Plaintiff Alvin Z. Butler ("Butler") opposes the motion. For the following reasons, the Defendants' motion is GRANTED.

### BACKGROUND

On 7 October 2003, Butler filed a Petition for Damages in state court against RHS and Atchison under Louisiana state statutes, Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. Butler alleged that Atchison, his supervisor, had called him a racial epithet and, as a result, Butler was subjected to a hostile work environment and racial discrimination while working for RHS due to his race. After removal, the Defendants filed a Motion for Summary Judgment on 27 May 2004, which was granted without opposition on 30 November 2004. The court's ruling stated that the Defendants were entitled to recover attorney's fees and costs from Butler because RHS and Atchison were the "prevailing parties" under 42 U.S.C. § 2000e–5(k), not under §§ 1983/1988 as there were no state actors involved. The court also stated that "frivolousness" analysis under state law would be unnecessary because this was a Title VII case and that the Defendants only needed to submit a separate motion for fees and costs with detailed itemization under prevailing Fifth Circuit precedent.

On 13 December 2004, the Defendants filed this Motion for Award of Attorney's Fees and Costs and supporting memorandum [# 20] pursuant to 42 U.S.C. §§ 2000e–5(k) as "prevailing parties." They seek $14,821.75 in attorney's fees and $741.84 in costs for a total award of $15,563.59. The Defendants first set out the proper standard for the calculation of attorney's fees in the Fifth Circuit using the "lodestar method". *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047–48 (5th Cir.1998) (partially reversing the district court for failure to give adequate consideration to the amount involved and the result obtained, under "lodestar" analysis, in a Title VII pregnancy discrimination case in which the plaintiff achieved only limited success and the fee award was six and one-half times the amount of damages awarded); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996) (reversing a district court's substantially reduced award of fees in a § 1983 case because it used the § 1988(b) civil rights fee analysis instead of the "lodestar" analysis as set out under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). A "lodestar" figure is simply the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). The court then determines whether the "lodestar" figure should be adjusted upward or downward depending on the twelve *Johnson*[1] factors. *Migis,*

---

1. The twelve *Johnson* factors courts consider in determining whether the "lodestar" figure

135 F.3d at 1047. While the district court makes a finding of fact as to whether the fee applicant's hours are repetitive and duplicative, the fee applicant bears the burden of proving that the number of hours and the hourly rate for which fees are requested are reasonable. *See Riley,* 99 F.3d at 760. Finally, the Defendants briefly note that, if the court determines that the plaintiff's attorney was at fault for advancing the litigation, the court can choose to sanction that attorney and make him personally liable for the award of fees under 28 U.S.C. § 1927. *See Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir.1999).

On 29 December 2004, Butler filed a Memorandum in Response to Motion for Attorney's Fees and Costs [#s 22–23] ("Response"). In his Response, Butler asserts that there are two issues to be decided: (1) whether counsel for Butler, Malcom X. Larvadain ("Larvadain"), should be held personally liable for costs, expenses, and attorney's fees; and (2) whether a total award of $15,563.59 is appropriate under the circumstances. Larvadain spends the majority of his seven-page response arguing that he should not be personally liable for any costs, expenses, or attorney's fees because no violation of 28 U.S.C. § 1927 occurred here. *See, e.g., Baulch v. Johns,* 70 F.3d 813, 816–17 (5th Cir.1995) (imposing § 1927 sanctions on an attorney for frivolous arguments which multiplied the proceedings). He contends that, due to the failure of Butler to appear at a rescheduled deposition and, after deposing both Atchison and Murray, he suspected that there was no genuine issue of material fact and that summary judgment against Butler would be appropriate. Thus, Larvadain claims that he did not want to prolong this proceeding by filing an opposition memorandum because he determined that it would be futile, even over the opposition of his client. Larvadain briefly argues that an award of $15,563.59 is excessive because opposing counsel is very skilled in labor and employment law and not a lot of time was spent in dealing with this relatively easy issue. He suggests that an appropriate award would be under $1500.

## DISCUSSION

This court's ruling stated that the "frivolousness" analysis under state law was unnecessary because this was a Title VII case. *See* Mem. Ruling on Mot. for Summ. J., at 18–19[#18]. As the Defendants were "prevailing parties", this court erroneously stated that they needed only to submit a separate motion for fees and costs with detailed itemization according to Fifth Circuit precedent about "lodestar" analysis. *See Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998). Upon further review of applicable case law, however, the court realizes that, while a "frivolousness" analysis under state law is not necessary, it is under Title VII. Thus, a Title VII "frivolousness" analysis is required before examining the reasonableness of the amount of the fees and costs requested.

should be adjusted upward or downward are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

### A. Attorney's Fees for Title VII Defendants

Claims for attorney's fees and related nontaxable expenses shall be made by motion and, unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment. FED. R. CIV. P. 54(d)(2)(A)-(B). The motion for fees must specify the judgment and the statute entitling the moving party to the award and it must state the amount or provide a fair estimate of the amount sought. FED. R. CIV. P. 54(d)(2)(B). Here, the Defendants timely filed their motion for fees as summary judgment was entered on 30 November 2004 and this motion was filed on 13 December 2004. The Defendants also specified the judgment and 42 U.S.C. § 2000e–5(k), the statute entitling it to fees, as well as the amount of fees and costs sought.

### 1. Title VII Fees Under 42 U.S.C. § 2000e–5(k)

Congress has authorized the award of attorney's fees to the "prevailing party" in numerous statutes, such as the one present in this case, § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 413–14, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In any Title VII action, the court, in its discretion, may allow a "prevailing party" a reasonable attorney's fee as part of the costs. 42 U.S.C. § 2000e–5(k) (1991); Dean v. Riser, 240 F.3d 505, 507 (5th Cir.2001). It is essential that this court begin its analysis of a request for fees by identifying the movant as plaintiff or defendant and then consider whether the movant is a "prevailing party." Dean, 240 F.3d at 508. Upon concluding that the movant is a "prevailing party" under § 2000e–5(k), the court, in its discretion, may then decide whether the movant is entitled to a reasonable fee award. Id.

While a prevailing Title VII plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, the Supreme Court has set out a much more rigorous standard for awarding attorney's fees to prevailing defendants. See Christiansburg, 434 U.S. at 416, 421, 98 S.Ct. 694. In particular, while Congress wanted to " 'make it easier for a plaintiff of limited means to bring a meritorious suit,' " it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." Dean, 240 F.3d at 508 (quoting Christiansburg, 434 U.S. at 420, 98 S.Ct. 694). A district court may, in its discretion, award attorney's fees to a prevailing Title VII defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg, 434 U.S. at 421, 98 S.Ct. 694. A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir.1999). Attorney's fees for prevailing defendants, thus, are presumptively unavailable unless a showing is made that the underlying civil rights suit was "vexatious, frivolous, or otherwise without merit." Dean, 240 F.3d at 508.

The mere dismissal of a plaintiff's case does not establish that the claim itself was unreasonable, frivolous, or groundless, and the burden of showing these underlying factors remains upon the defendant. Id. at 512. When determining whether a plaintiff's civil rights action is frivolous, the court may consider the following factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir.2000).

The dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. *See id.* at 293. Rather than relying upon the outcome of a case, the court must inquire " 'whether the case was so lacking in merit that it was groundless.' " *Hahn v. City of Kenner,* 1 F.Supp.2d 614, 617 (E.D.La. 1998) (citing *United States v. Mississippi,* 921 F.2d 604, 609 (5th Cir.1991)). If a plaintiff presents some credible evidence in support of the claim, then the case has merit, and an award under § 1988, which has the same standard as 42 U.S.C. § 2000e–5(k), is inappropriate. *See id.; see also Brown v. Borough of Chambersburg,* 903 F.2d 274, 276–77 & n. 1 (3d Cir.1990) (noting that the standards for assessing attorney's fees are identical under § 1988 and 42 U.S.C. § 2000e–5(k)).

### 2. *Frivolousness Analysis Under Title VII*

■ In this case, it is clear that the fee request movants are the Defendants and that they are the "prevailing parties" under 42 U.S.C. § 2000e–5(k). Because a "prevailing party" prevails on the merits of at least some of his claims, see *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the fact that the court granted the Defendants' summary judgment on the merits of all of Butler's claims makes them "prevailing parties" under § 2000e–5(k). Moreover, because Congress wanted to "protect defendants from burdensome litigation having no legal or factual basis," see *Dean v. Riser,* 240 F.3d 505, 508 (5th Cir.2001), awarding the Defendants their reasonable attorney's fees as part of the costs serves Congress' intended purpose behind § 2000e–5(k). The court determines, therefore, that it may use its discretion to decide whether the Defendants are entitled to a reasonable fee award based on a Title VII "frivolousness" analysis. Although the burden of proving that Butler's

complaint was unreasonable, frivolous, or groundless is on the Defendants, however, this court erroneously directed them to forego the "frivolousness" analysis in its prior ruling and to focus on the reasonableness of the amount of their fees and costs. In the interests of judicial economy, this court will *sua sponte* determine whether Butler's claims were unreasonable, frivolous, or otherwise without merit.

■ After an independent review of the record, this case meets all three of the frivolousness factors under *Myers.* First, Butler failed to establish the *prima facie* case regarding his state law intentional racial or age discrimination claims against Atchison personally, under LA. REV. STAT. ANN. §§ 23:332 & 51:2231 (West 1997), or his 42 U.S.C. § 1983 claim because neither Defendant is a state actor. Butler also failed to establish a *prima facie* case for his remaining hostile work environment/Title VII claim because neither credible nor sufficient evidence was submitted that the alleged racial harassment was severe or pervasive. Butler's hostile work environment claim was based on a *single* racial epithet, which, in and of itself, has been held by both the Supreme Court and the Fifth Circuit to not be "severe or pervasive" enough to support a claim. *See, e.g., Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Vaughn v. Pool Offshore Co.,* 683 F.2d 922, 924–25 (5th Cir. 1982). Moreover, Butler presented no evidence whatsoever to support his claim that the epithet alone caused a hostile work environment because RHS promptly investigated and demoted Atchison. Atchison apologized soon after the incident to Butler and was ordered to stay away from him. Butler was never fired, suspended, or transferred, and did not have his salary reduced or his work assignments altered as a result of the incident. Thus, Butler

failed to establish the *prima facie* case on any of his claims.

Second, from the only evidence proffered, by the Defendants, RHS never offered to settle this case. Butler presented no contradictory evidence at all in response to the Defendants' summary judgment motion nor did he suggest that the Defendants offered to settle. Finally, because this case was decided at the summary judgment stage, the court did not hold a full trial, which prompts the court to inquire as to whether Butler presented credible evidence in support of his claims or whether the case was so lacking in merit that it was groundless. As discussed above, Butler presented no evidence, let alone credible evidence, to support his Title VII claims against the Defendants. The court, therefore, concludes that Butler's petition was utterly without basis in law or in fact such that it was unreasonable, frivolous, groundless or without foundation. The Defendants, therefore, are entitled to an award of attorney's fees as part of the costs under § 2000e–5(k).

## B. *Amount of Attorney's Fees*

In this district, for all cases where attorney's fees are sought, the party desiring the award shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of services rendered. LR 54.2 (2004). The report shall be in both narrative and statistical form and provide hours spent and justification thereof. *Id.* For good cause shown, however, any judge may relieve counsel of such reporting obligation. *Id.* Here, the Defendants complied with this court's ruling and the Local Rules by submitting a report in narrative and statistical form with their motion and fee detail reflecting the date, time involved, and nature of services rendered as well as the hours spent and justification.

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount, which is subject to this court's discretion. *Hopwood v. Texas,* 236 F.3d 256, 277 (5th Cir.2000). The calculation of reasonable attorney's fees involves a well-established two-step process. *See Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the "lodestar" should be adjusted upward or downward depending on the circumstances of the case under the twelve *Johnson* factors. *Migis,* 135 F.3d at 1047; *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). While *Johnson* set forth twelve factors, the Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. *See Migis,* 135 F.3d at 1047. The Supreme Court has held that "the most critical factor" for a fee award in a civil rights case "is the degree of success obtained." *Id.* (citing *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In this case, counsel for the Defendants, Trevor S. Fry ("Fry"), has complied with the fee application requirements as set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) and modified by *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998). Fry submitted a fee detail and affidavit which allow the court to examine the four *Migis* factors. Exhibit A is an itemized breakdown of the time billed and the costs for this case.

Exhibit B is his affidavit explaining the experience and hourly billing rates of the attorneys and paralegals who participated in this case and that these rates are fair and reasonable for this region. The Defendants argue that none of the *Johnson* factors militate in favor of deviating from the standard "lodestar" figure of $15,563.59. As discussed below, the court agrees that no reduction is warranted and the award is appropriate.

First, after examining the time and labor involved, the court concludes that the "lodestar" should not be adjusted. According to Exhibit A, a total of 130.15 hours were spent on this case. The Defendants contend that the fee detail shows that this amount of time spent was reasonable and customary in the area of employment litigation because they aggressively defended this matter by, *inter alia,* conducting an investigation, initiating formal discovery, deposing Butler, Atchison, and witness Anna Maria Murray, and preparing their motion for summary judgment and supporting memorandum. The court notes that an estimate of the time record shows that a majority of the total time (about 76.5 hours) was spent on researching, drafting, filing, and correspondence related to the various substantive motions, such as the petition for removal (about 15 hours), motion to dismiss (about 4.5 hours), motion for summary judgment (about 50 hours), and this motion for fees (about 7), all of which are reasonable and necessary. The rest of the time (53.65 hours) was mostly spent on discovery issues, such as drafting discovery requests, disclosures, and preparing for and attending three depositions, also a reasonable and necessary use of time and labor. The docket contains twenty-three documents filed spanning a period of about fourteen months, only nine of which were filed by the Defendants. Although this may appear to be, without more, a small number of pleadings given the amount of fees requested, the above breakdown in time shows that the Defendants' nine pleadings were more than adequately well researched and drafted. Thus, the court finds that the time and labor involved does not favor reduction.

Second, the customary fee in this case was also reasonable and should not alter the total fee request. The Defendants assert, through Fry's affidavit, Exhibit B, that the following hourly rates charged were reasonable and customary for this type of litigation and this region: $115/hour for three attorneys (Fry, Steven M. Oxenhandler, and J. Graves Theus, Jr.), $130/hour for two attorneys (Randall M. Seeser and Sam N. Poole, Jr.), $140/hour for one attorney (Eugene J. Sues), and $50/hour for three paralegals. The court agrees that the hourly rate charged here was customary and reasonable. The blended hourly rate of $99.44 ($124.17 just for attorneys) is reasonable and customary for this type of litigation and for this region and, thus, does not favor a reduction.

Third, the amount involved and the results obtained were also reasonable. The Defendants assert in Exhibit B that they have reviewed every entry in their billing statement and determined that the fees billed are equitable and customary for this type of case. Although the amount of fees involved, $14,821.75, may appear high at first blush, the result obtained—summary judgment and dismissal of all claims within about eleven months after the petition was filed—relative to the fee award and the result sought (complete dismissal before trial), makes the amount reasonable. *See, e.g., Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1048 (5th Cir.1998) (holding that "the district court abused its discretion by failing to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the

result sought."). Thus, this factor also does not favor a reduction.

Finally, the experience, reputation, and ability of the attorneys factor also demonstrates that the "lodestar" figure should not be reduced here. Fry states that he is a 5th year associate ($115/hour). Together with the other attorneys in this case, the court finds that there is a total of about 92 years of experience, which is more than reasonable when compared with the respective hourly rates—Oxenhandler (about three years—$115/hour), Theus, Jr. (about eight—$115/hour), Poole, Jr. (about twenty-six—$130/hour), Seeser (about fifteen—$130/hour), and Sues (about thirty-five—$140/hour)—and the high reputation of the firm (Gold, Weems) for this region, as well as the attorneys' abilities on this case (adequate researching and drafting of pleadings leading to summary judgment). The court, therefore, finds that no reduction in the "lodestar" amount is warranted.

After a review of the record and the exhibits submitted by RHS and Atchison, $14,821.75 in fees is a reasonable award considering all four of the above factors, especially the most critical factor—the result obtained. The court, therefore, finds that RHS and Atchison are entitled to be awarded $14,821.75 in fees. The fees requested are reasonable with respect to the four most important *Migis* factors described above.

## C. *Costs*

 Within thirty days after receiving notice of entry of judgment, the winning party who claims and is allowed costs shall serve on counsel for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum stating that the items are correct and that the costs have been necessarily incurred. LR 54.3 (2004). In this case, counsel's motion for fees and costs was timely filed on 13 December 2004, less than thirty days after the entry of judgment on 30 November 2004. Although counsel for RHS and Atchison did not specifically state that his costs were correct or that they were necessarily incurred within his memorandum, he did include an exhibit of costs, Ex. A, and made such a pronouncement in his affidavit stating that "[s]uch time and costs were necessary and reasonable in order to represent the defense properly in this litigation." Defs.' Mot. for Award of Attorney's Fees and Costs, Ex. B, Affidavit of Trevor S. Fry, at 2. Furthermore, this court has broad discretion in taxing costs. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.1998). District courts have "wide discretion with regard to the costs in a case and may order each party to bear his own costs." *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir.1991).

In this case, RHS and Atchison have requested $741.84 in costs. After a full review of the record and Exhibit A showing the breakdown in costs, the court finds that $741.84 is reasonable. The biggest single costs are $205.55 for deposition transcripts (likely just three for Butler, Atchison, and Murray), and $153.02 and $74.87 for online research, all of which appear to be reasonable and necessary for this case. The rest of the costs are for copies, at ten cents each, telephone calls and faxes, both at twenty-five cents a minute, postage, personnel records, and other online/PACER-related research, all of which are reasonable and necessary costs. The Defendants' request for $741.84 in costs, therefore, is granted.

## D. *Personal Liability of Counsel for Costs, Expenses, and Fees Under § 1927*

 In this case, the court finds that Larvadain should not be sanctioned or held personally liable for any award of fees

or costs assessed against his client, Butler, under 28 U.S.C. § 1927. Although Larvadain spent the majority of his Response contesting personal liability and explaining why he did not file a response to the motion for summary judgment, his fears are unwarranted and without merit because there is no evidence of unreasonable and vexatious multiplying of the proceedings here.

■■■■■ Although the general rule is that counsel bears no personal liability, Larvadain properly points out that, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the *excess* costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1980) (emphasis added); *Baulch v. Johns,* 70 F.3d 813 (5th Cir. 1995). Punishment under this section, however, is *"sparingly* applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 535 (5th Cir.1996) (emphasis added); *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth Circuit requires "a detailed finding that the proceedings were both 'unreasonable' *and* 'vexatious'." *Meadowbriar,* 81 F.3d at 535 (quoting *Calhoun,* 34 F.3d at 1297) (emphasis added). Though there appears to be no applicable § 2000e–5(k) case on point in the Fifth Circuit, the Third Circuit has held that this section, which is identical to § 1988, does not authorize the assessment of fees against the losing party's attorney. *See Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 504–05 (3d Cir.1991), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991) (stating that, although the district court may not assess fees against counsel under

Title VII, it could do so under FRCP 11 or § 1927). Only in rare circumstances would a losing party's counsel in a 42 U.S.C. § 2000e–5 action be held personally liable, such as where counsel increases the litigation unreasonably and vexatiously. *See Reed v. Sisters of Charity of Incarnate Word of La., Inc.,* 447 F.Supp. 309, 320 (W.D.La.1978) (stating that, in light of the inflammatory speech of plaintiff's counsel prior to filing an employment discrimination suit, which was instrumental in fomenting the ultimately frivolous case, the court, in addition to assessing fees against the plaintiff, would also assess additional fees against his counsel).

Accordingly, the emphasis in Section 1927 is that personal liability of counsel is only for the *excess* costs, expenses, and fees where counsel *both* "unreasonably and vexatiously" multiplies the litigation. In this case, there is no such evidence of unreasonable and vexatious multiplying of the proceeding. There have only been twenty-three documents total, only five of which generated by Larvadain because two of those pleadings are essentially duplicate memorandum in response to this motion for fees [Docs. # 22–23]. Larvadain gave an adequate explanation for his conscious decision not to file an opposition memorandum to the motion for summary judgment, because he believed it would be futile and would needlessly prolong this case. Thus, Larvadain has not "unreasonably and vexatiously" multiplied this proceeding and sanctions under § 1927 for personal liability are inappropriate.

### CONCLUSION

For the reasons set forth above, the motion for attorney's fees and costs pursuant to 42 U.S.C. § 2000e–5(k) [# 20] filed by the Defendants, RHS and Atchison, is GRANTED. The Defendants are awarded $14,821.75 in fees and $741.84 in costs,

for a total award of $15,563.59 against Butler personally, and not against his counsel, Larvadain.